UNITED STATES of America, Appellee,

v.

David Isser GREENE, Appellant.

No. 94–2572.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 10, 1994.

Decided Nov. 29, 1994.

Nathan Lewin, Washington, DC, argued (Alison E. Grossman, on the brief), for appellant.

Douglas R. Peterson, Asst. U.S. Atty., argued (Jon M. Hopeman, Asst. U.S. Atty., on the brief), for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

PER CURIAM.

David Isser Greene, an Orthodox Jewish rabbi, appeals the district court's sentence imposed under the Federal Sentencing Guidelines (hereinafter U.S.S.G.). Greene pleaded guilty to mail fraud and to providing a prohibited object to a federal prisoner, stemming from his agreement to arrange a Jewish divorce (also known as a "get") for a federal prison inmate. Greene entered into a plea agreement which, among other things, set forth the sentencing guidelines recommendations of the parties that the amount of the fraud equaled $5,500 and that Greene did not abuse his position of trust or use a special skill.

The district court, however, rejected this sentencing guideline aspect of the plea agreement. Thereafter, the district court, without holding an evidentiary hearing and relying on and adopting the findings of the probation officer, determined that Greene intended to inflict a loss of approximately $50,000 and abused his position of trust or used a special skill at the time he perpetrated his scheme. The district court sentenced Greene to five months of imprisonment, five months of home detention and two years of supervised release.

Greene appeals, arguing that the district court erred by determining the amount of loss he intended to inflict and that he abused his position of trust without holding an evidentiary hearing. For the reasons that follow, we reverse and remand for resentencing.

## I. BACKGROUND

Since 1988, appellant David Isser Greene, a thirty-one-year-old rabbi, has served as director of the Chabad–Lubavitch Hospitality House of Rochester, Minnesota. Initially, Greene provided volunteer services for federal prison inmates at the Rochester Federal Medical Center ("FMC Rochester"). In 1990, he became a contract rabbi at a weekly salary of $50, providing Jewish religious services to the inmates at FMC Rochester.

Samuel Dagan, an inmate at FMC Rochester, attended religious services arranged by Chabad–Lubavitch at FMC Rochester. Greene agreed to arrange a get for Dagan. A Jewish divorce requires that a document be specifically handwritten by a scribe and signed by two witnesses on the express direction of the husband.

According to Greene, Dagan independently agreed to contribute $50,000 to the Chabad–Lubavitch organization. Andrew Reisini, a paralegal for Dagan's attorney Michael Atkin, was handling Dagan's finances and stated that Greene had called Atkin, requesting a "contribution" on behalf of Dagan in the amount of "at least $2,000."

In February 1993, during a meeting between Dagan and Greene in the chapel at FMC Rochester, Greene confirmed Dagan's $50,000 pledge. Dagan represented that the money would soon be available because of an imminent settlement with a Connecticut

bank. On May 8, 1993, Reisini met with Greene at the Holiday Inn in Rochester and gave Greene $500 in cash. On May 23, 1993, Reisini sent Greene a $5,000 cashier's check payable to "Chabad–Lubavitch of Rochester, Rabbi Greene, Director." An envelope containing a $100 bill was included with the check. On May 25, 1994, Greene met with Dagan at FMC Rochester and gave him the envelope containing the $100 bill. During the meeting, Dagan signed the purported last page of a release that would make funds available from the Connecticut bank.

Greene advised Reisini that he was going to attend his sister's wedding and see to Dagan's divorce proceedings in Israel. Greene claimed that, while in New York before traveling to Israel, he would proceed with the detailed and intricate religious procedure of procuring the get, complicated by the fact that Dagan was in jail and his wife lived in Israel.

After Greene returned to the United States, he met with Reisini at the Minneapolis–St. Paul International Airport. Reisini gave Greene a cashier's check made out to "Chabad–Lubavitch of Rochester, Minnesota" in the amount of $45,000. Greene was then arrested and charged in a four-count indictment alleging three felonies and one misdemeanor.

Greene pleaded guilty to mail fraud, in violation of 18 U.S.C. § 1341 and to smuggling U.S. currency into a federal prison, in violation of 18 U.S.C. § 1791(a)(1), (b)(4), and (d)(1)(E). Greene signed a plea agreement, agreeing to plead guilty to one felony count and one misdemeanor count. In the plea agreement, the parties specified the amount of loss for guidelines purposes at $5,500 and without any enhancement under U.S.S.G. § 3B1.3 for abuse of position of trust or use of special skill. The plea agreement stated that the position of the parties as to the applicable guidelines did not bind the court and that Greene could not withdraw his plea if the court rejected the recommendations of the parties regarding the sentencing factors.

The presentence report, however, found that the amount of loss was at least $50,000 and recommended that Greene's offense level be increased two points for the facts "suggesting" an abuse of a position of trust and use of a special skill. On April 27, 1994, Greene moved for an evidentiary hearing on the presentence report, objecting to the determination that the amount of loss equaled $50,000 and to the recommendation for a two point enhancement for abuse of trust or use of a special skill.

The district court, however, did not hold an evidentiary hearing, and stated that an evidentiary hearing is only necessary or appropriate where there is a dispute over the facts. The district court concluded that, in this case, there was no dispute over the facts themselves, but a dispute over the application of the facts to the law. Therefore, the district court deemed an evidentiary hearing unnecessary. At sentencing, the district court, adopting the conclusions of the presentence report, determined the amount of fraud at $50,000 and increased Greene's offense level by two points for abuse of a position of trust and use of a special skill.

The district court determined that the factual record reflected that Greene demanded $50,000 to obtain a get and the presentence report asserts that a get actually costs between $200 and $500 to obtain. The court, therefore, concluded that Greene intended to inflict a loss of approximately $50,000. (Sentencing Tr. at 5–7). Although mentioned at oral argument but not raised as an issue on appeal, counsel representing Greene on appeal, but not representing him at the guilty plea or sentencing hearing, questioned whether a high fee for a divorce which was later obtained can amount to fraud.

Greene urged that the amount of loss should be reduced by the expense he incurred by traveling to Israel to obtain the get. The district court noted that the trip coincided with his sister's wedding, but even if the court accepted Greene's premise, the guideline calculation would remain the same. (Sentencing Tr. at 6–7). In addition, the district court concluded that a two level enhancement was appropriate because Greene had abused a position of trust as a contract employee of the Bureau of Prisons and because his special skills as a rabbi made it

significantly easier for him to commit the crime. (Sentencing Tr. at 7–9).

As already stated, the district court sentenced Greene to five months of imprisonment, five months of home detention and two years of supervised release under the split-sentence provision of U.S.S.G. § 5C1.1(d)(2). If Greene's objections were sustained, however, his appropriate sentence would fall within a sentencing range of zero to six months. Greene then filed a request for release pending appeal. We granted his request for release and expedited his appeal.

## II. DISCUSSION

■ The parties agree that the district court denied Greene an evidentiary hearing. This appeal thus focuses on whether Greene made a sufficient objection to facts related in the presentence report which would trigger an obligation to hold an evidentiary hearing.

In *United States v. Hammer*, 3 F.3d 266, 272 (8th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1121, 127 L.Ed.2d 430 (1994), we held that unless a defendant has admitted the facts alleged in a presentence report, the presentence report is not evidence and not a legally sufficient bases for making findings on contested issues of fact. The *Hammer* court also determined that:

> [i]f a defendant objects to factual allegations in a presentence report, the Court must either state that the challenged facts will not be taken into account at sentencing, or it must make a finding on the disputed issue. See Fed.R.Crim.P. 32(c)(3)(D). If the latter course is chosen, the government must introduce evidence sufficient to convince the Court by a preponderance of the evidence that the fact in question exists.

*Id.* at 272–73 (quoting *United States v. Streeter,* 907 F.2d 781, 791–92 (8th Cir.1990)).

We first address whether Greene properly set forth his objections to the factual findings of the presentence report, requiring the court to hold an evidentiary hearing under *Hammer.* Greene made a timely written objection to the factual accuracy of the presentence report under the procedure established in the United States District Court for the District of Minnesota Local Rule 83.10(f). Nevertheless, at the sentencing hearing, the district court explicitly rejected Greene's request for an evidentiary hearing to determine the amount of loss attributable to Greene's conduct and to determine whether Greene abused his position of trust.

The Government argues that Greene did not preserve his objections because he failed to explicitly object at the sentencing hearing to the factual findings of the district court and of the presentence investigation. In addition, the Government claims that by stipulating to the written plea agreement, Greene admitted to facts tantamount to a $50,000 loss and to abuse of trust and use of a special skill. We disagree.

Here, the district court erred by assuming that no dispute over the facts existed, but only a dispute over the application of the law to the facts. In addition to filing written objections, Greene's counsel specifically requested an evidentiary hearing on the presentence report. This placed in dispute the facts and inferences to be drawn from the facts.

■ In this case, the record reflects that Greene objected to the presentence report in a timely fashion and requested an evidentiary hearing. The government bears the burden of proof on the disputed issues because they relate factors which would enhance the sentence. As *Hammer* instructs, once a defendant objects to the presentence report, the court must either make a finding as to whether the disputed fact exists or state that it will not take the disputed fact into account. *Id.* at 273. If the sentencing court chooses to make a finding with respect to the disputed facts, it must do so on the basis of evidence, and not the presentence report. *Id.* *Hammer* emphasizes that the court, not the probation officer, must, upon an appropriate record, be the fact-finder where a dispute exists.

On this record before us on appeal, the district court did not follow the legal requirements set forth in *Hammer.* Although the district court addressed Greene's objections at the sentencing hearing, the court did not hold an evidentiary hearing at all. Instead, the district court accepted the factual narra-

tive plus ultimate facts and conclusions arrived at by the probation officer in the presentence report, that Greene intended to inflict a loss of $50,000 and abused his position of trust or used a special skill.

Accordingly, we reverse David Isser Greene's sentence and remand for an evidentiary hearing by the district judge to find the amount of loss Greene intended to inflict and to determine whether Greene abused his position of trust or used a special skill pursuant to U.S.S.G. § 3B1.3.