_____

No. 95-1842
_____

United States of America,       \*
                                  \*
        Appellee,           \*
                                  \*
   v.                       \*  Appeal from the United States
                                  \*  District Court for the District
David Isser Greene,          \*  of Minnesota
                                  \*
        Appellant.        \*       [UNPUBLISHED]

_____

Submitted: November 14, 1995

Filed: March 7, 1996
_____

Before McMILLIAN, FLOYD R. GIBSON and BRIGHT, Circuit Judges.
_____

PER CURIAM.

We revisit the sentence in this case. In <u>United States v. Greene</u>, 41 F.3d 383 (8th Cir. 1994), we reversed the sentence of five months imprisonment and five months home detention plus two years supervised release and remanded the sentence to the district court for an evidentiary hearing to determine the amount of the monetary loss related to the sentence.

On remand, the district judge reduced the amount of the loss for the offense but for other reasons imposed the same sentence. Greene then again appealed. We affirm.

The record indicates that the district court relied on appropriate grounds in imposing the sentence in this case. We cannot say that the district judge treated the defendant unfairly.

Even under appellant's sentence calculation, the sentencing judge might have imposed a penalty of six months incarceration.

Here the judge imposed a five-month concurrent sentence plus five months home detention, all subject to work release privileges plus the two years of supervised release. In addition, defendant will be entitled to credit for time already served pending appeal. (Appellant's brief states this period to be forty-two days).

Finally, we observe that appellant's counsel at oral argument stated that, during Greene's initial incarceration, prison officials did not permit Greene work release as recommended by the district judge. The record in this case would indicate that work release privileges would be appropriate and would benefit Greene as well as society. We assume the Bureau of Prisons will follow this work release recommendation from the sentencing judge.

We affirm without further opinion. <u>See</u> 8th Cir. R. 47B.

A true copy.

    Attest:

        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.