_____

No. 95-2675
_____

United States of America,      *
                                       *
     Plaintiff - Appellee,   *
                                       * Appeal from the United States
     v.                      * District Court for the
                                       * District of Minnesota.
Melford Burke, Jr.,       *
                                       *
     Defendant - Appellant.  *

_____

Submitted: December 12, 1995

Filed: April 8, 1996
_____

Before BOWMAN and LOKEN, Circuit Judges, and SCHWARZER,[*] District Judge.
_____

LOKEN, Circuit Judge.

Once again, we deal with a sentencing appeal in which an Assistant U.S. Attorney failed to comply with our cases holding that, when fact statements in a presentence investigative report (PSR) are challenged by the defendant, the PSR itself is not evidence and the government must prove those facts at the sentencing hearing. See Fed. R. Crim. P. 32(c)(1). Once again, we remand for resentencing, as we did in United States v. Beatty, 9 F.3d 686 (8th Cir. 1993), and numerous other cases.

_____

[*]The HONORABLE WILLIAM W. SCHWARZER, United States District Judge for the Northern District of California, sitting by designation.

Melford Burke pleaded guilty to abusive sexual contact with a minor female in violation of 18 U.S.C. § 2244(a)(1) (1993).[1] His plea agreement noted that this offense carries a maximum ten-year prison sentence, recited that the actual sentence would be determined by the district court, and then stated that the parties "concur . . . with respect to the following sentencing factors":

- Burke's abusive sexual contact offense should have a base offense level of twelve under USSG § 2A3.4(a)(2). He warrants a four-level increase because the victim was under twelve years old, and a two-level increase because she was in Burke's care or custody. See §§ 2A3.4(b)(1) and (3).

- Burke should receive a two-level reduction for acceptance of responsibility, see § 3E1.1(a), resulting in a base offense level of sixteen.

- His criminal history category should be IV, producing a guidelines sentencing range of 33 to 41 months in prison.

The government further agreed to dismiss two more serious charges stemming from the same offense conduct, aggravated sexual abuse of the child in violation of 18 U.S.C. § 2241(c), and sexual abuse of the victim in violation of § 2242(2)(A). Under the 1993 statutes, the key difference between "sexual abuse" and the less serious "sexual contact" was that sexual abuse required proof of penetration. See 18 U.S.C. §§ 2245(2) and (3). The Guidelines cross reference the two crimes -- § 2A3.4(c)(1) provides that, if the abusive sexual contact involved criminal sexual abuse, defendant's sentence should be determined under § 2A3.1, which has a much higher base offense level of twenty-seven.

The probation officer who prepared Burke's PSR disagreed with the sentencing analysis in his plea agreement. First, the PSR recommended that Burke's base offense level be determined under

---

[1]The relevant statutes were amended following Burke's August 1993 offense. All statutory citations are to the 1993 statutes.

§ 2A3.1 because he sexually abused the victim.  In describing Burke's offense conduct, the PSR stated:

> On June 7, 1994 . . . the victim related [to police investigators] she had been touched sexually by the defendant on several occasions and, on one occasion, the defendant had intercourse with her which was witnessed by the victim's nine-year-old sister.

> * * * * *

> On June 28, 1994 . . . the victim related [to a clinical psychologist] that the defendant penetrated her vagina with his fingers and penis.

> * * * * *

> On July 18, 1994, both the victim and her sister were again evaluated and both provided statements that were "highly consistent" with their June 28, 1994, statements.

With applicable adjustments, this change resulted in a recommended base offense level of thirty rather than sixteen.  Second, the PSR recommended that Burke be placed in criminal history category V.  It listed fifteen prior convictions, resulting in twelve CHC points, plus about forty tribal court convictions that are not counted but may be considered in determining the adequacy of Burke's criminal history category under § 4A1.3(a).  Based upon these changes, the PSR recommended a guidelines range of 151 to 188 months in prison, capped by the statutory maximum of 120 months.

Complying with the procedures prescribed in Fed. R. Crim. P. 32(b)(6)(B) and (C), Burke filed written objections to the PSR, and the probation officer filed a written response.  Burke objected "to the facts" that state he committed sexual abuse; the probation officer replied that the investigative materials upon which he relied were "more probable, than not."  Prior to sentencing, Burke also filed a "Position" pleading, as required by D. Minn. Local R. 83.10(e), stating that he "disputes any factual statement in the

presentence investigation which supports a conclusion that sexual abuse as opposed to sexual contact occurred."

At sentencing, the government announced its support of the probation officer's recommendations. However, the prosecutor offered no evidence in support of the disputed fact statements in the PSR, and failed to correct the district court when it mistakenly stated that no objection had been made to the "factual aspect" of the presentence investigation. Based upon this erroneous view of Burke's objections, the district court adopted the PSR finding of sexual abuse, calculated Burke's base offense level under § 2A3.1(a), determined a sentencing range of 140 to 175 months, and sentenced him to the statutory maximum of 120 months in prison plus three years supervised release.

On appeal, Burke argues that he objected to the PSR's factual assertions that he sexually abused the victim, and the government offered no evidence at sentencing in support of the challenged assertions. Therefore, the district court's critical finding of sexual abuse must be set aside because:

> [O]nce a defendant objects to the presentence report, the court must either make a finding as to whether the disputed fact exists or state that it will not take the disputed fact into account. *If the sentencing court chooses to make a finding with respect to the disputed facts, it must do so on the basis of evidence, and not the presentence report.*

United States v. Greene, 41 F.3d 383, 386 (8th Cir. 1994) (emphasis added, citations omitted).

In response, the government argues that Burke "made extensive admissions" under oath at his change of plea hearing. But he admitted conduct constituting abusive sexual contact, not criminal sexual abuse. In other words, his admissions were consistent with the plea agreement's approach to sentencing but do not support the

-4-

PSR's more punitive analysis. The government also argues that Burke failed to preserve this issue by requesting an evidentiary sentencing hearing under D. Minn. Local R. 83.10(f). However, when the error at sentencing results from the government's failure to prove PSR fact statements to which the defendant timely objected, that error is not excused because defendant failed to request a hearing. See United States v. Hammer, 3 F.3d 266, 271-72 (8th Cir. 1993), cert. denied, 114 S. Ct. 1121 (1994); United States v. Wise, 976 F.2d 393, 404 (8th Cir. 1992) (en banc), cert. denied, 507 U.S. 989 (1993). It is the government that needed a hearing.

We note that the PSR's recommendation regarding sexual abuse was based upon what the child victim had allegedly told police investigators and mental health professionals. It is likely that these professionals made written reports summarizing their interviews with the victim. It is also likely that some combination of these reports and live testimony by the professionals would be admissible at sentencing and, if found reliable and credible, would be sufficient to establish the fact of sexual abuse for sentencing purposes. See United States v. Knife, 9 F.3d 705, 706-07 (8th Cir. 1993).

We also note that, just prior to imposition of sentence, Burke's sister, the victim's mother, made a statement vilifying Burke for raping the victim in the presence of her younger sister, and for threatening to harm the young girls if they disclosed what he had done. We further note that the PSR refers to medical evidence supporting a claim that the victim had been sexually abused. Given the probable existence of reliable victim hearsay establishing sexual abuse, with supporting medical evidence, the government will probably be able to prove at a sentencing hearing that Burke's base offense level should be determined under § 2A3.1(a). Moreover, because Burke's statutory maximum sentence is twenty months less than the *bottom* of his guidelines range as initially determined by the district court, the odds are that

-5-

resentencing will not provide relief from his 120-month sentence.  But the government erred at Burke's sentencing, and he has the right to insist that he be sentenced on an adequate record.

The judgment of the district court is reversed and the case is remanded for resentencing.  Resentencing will not violate Burke's rights under the Double Jeopardy Clause of the Fifth Amendment.  <u>See</u> <u>Woodall v. United States</u>, 72 F.3d 77, 79 (8th Cir. 1995).

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.