—————

No. 96-2171

—————

United States of America,           *
                                    *
          Appellee,                 *
                                    *  Appeal from the United States
     v.                             *  District Court for the
                                    *  Eastern District of Arkansas.
Richard Lynn Christian,             *
                                    *       [UNPUBLISHED]
          Appellant.                *


—————

          Submitted:  October 4, 1996

            Filed:  November 4, 1996

—————

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
—————

PER CURIAM.


     Richard L. Christian challenges the 15-month sentence imposed by the
district court after he pleaded guilty to manufacturing marijuana, in
violation of 21 U.S.C. § 841(a)(1).  We remand.


     Upon executing a search warrant at a property occupied by Christian
and his wife, Pamela, law enforcement officers discovered an outbuilding
being used for growing marijuana, and marijuana plants and harvested
marijuana inside the Christians' residence.  The officers seized four
loaded weapons from the residence--one from Pamela's purse, one from under
a couch, and two from a wall rack.  Stating that Christian "was armed at
the time of his arrest," the presentence report (PSR) assessed a two-level
increase under U.S.S.G. § 2D1.1(b)(1).  The PSR also assigned two criminal
history points under U.S.S.G. § 4A1.2, comment. (n.10), for a Washington
state robbery charge to which Christian had pleaded guilty.  The PSR
indicated Christian was placed on probation for

five years and commenced a six-month sentence on July 18, 1983, for this offense.

Christian objected to the statement that he "`was armed at the time of his arrest,'" asked that the statement be deleted from the PSR, and argued that the government had not presented evidence to support the section 2D1.1(b)(1) increase. Christian also objected to inclusion of his Washington state conviction in his criminal-history calculation. At sentencing, the district court said, "I'm going to overrule the [section 2D1.1(b)(1)] objection, deny it," and also overruled Christian's criminal-history objection.

On appeal, Christian argues--and the government concedes--that the district court should not have counted his robbery conviction in calculating his criminal history, because the sentence was imposed more than ten years prior to the commission of the present offense. See U.S.S.G. § 4A1.2(e)(1-3) (instructing court not to count any sentence less than thirteen months that was not imposed within ten years of defendant's commencement of instant offense). Based on the government's concession, we remand for recalculation of Christian's criminal history category.

Christian also contends the district court improperly required him to prove that the section 2D1.1(b)(1) increase was not merited and erred in overruling his objections to the PSR without conducting an evidentiary hearing. We recognize that Christian did not communicate his PSR objections to the government within fourteen days after receiving the PSR, as required, see Fed. R. Crim. P. 32(b)(6)(B), but counsel for the government informed the court that she had received a summary of Christian's objections in the addendum to the PSR. A two-level increase is appropriate if the government proves by a preponderance of the evidence that the defendant possessed a dangerous weapon and it is not clearly improbable the weapon was connected with the offense. U.S.S.G. § 2D1.1(b)(1) & comment. (n.3); United States v. Hammer, 3 F.3d

266, 272 (8th Cir. 1993), cert. denied, 510 U.S. 1139 (1994) (discussing burden).  We review for clear error the court's factual findings, and review de novo the court's application of the Guidelines to the facts. United States v. Elliott, 89 F.3d 1360, 1370 (8th Cir. 1996).

When, as here, the defendant objects to fact statements in the PSR, the district court may not accept the disputed facts set forth in the PSR or require the defendant to disprove those facts, but rather, the government must prove the disputed facts at the sentencing hearing.  See id.; United States v. Burke, 80 F.3d 314, 315, 317 (8th Cir. 1996).  We conclude the district court's rejection of Christian's section 2D1.1(b)(1) objection does not "allow for meaningful appellate review," and thus we remand for the court to make a finding or determination that fulfills the requirements of Federal Rule of Criminal Procedure 32(c)(1).  See United States v. Fetlow, 21 F.3d 243, 248 (8th Cir.), cert. denied, 115 S. Ct. 456 (1994); see also Fed. R. Crim. P. 32(c)(1) (requiring court to make finding on disputed matter or determination that no finding is necessary as disputed matter will not be considered or will not affect sentence).

Accordingly, we vacate Christian's sentence and remand for further proceedings consistent with this opinion.

BEAM, Circuit Judge, dissenting.

Christian did not give appropriate notice to either the United States or the district court of several of the objections he now raises on appeal. Thus, these issues were waived.  The order of reversal directs the district court to consider them in further proceedings.  From this approach, I dissent.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.