United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3162

_____

United States of America,             *
                                        *

         Appellee,         *
                                          *

        v.               *   Appeal from the United States
                                        *   District Court for the

Melford Burke, Jr., also known as  *   District of Minnesota.
Jim Burke, also known as Melford   *
Jim Whitefeather,              *      **[UNPUBLISHED]**
                                        *

        Appellant.        *

_____

Submitted: June 6, 1997
Filed: June 13, 1997

_____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Melford Burke pleaded guilty to abusive sexual contact with a minor female, in violation of 18 U.S.C. § 2244(a)(1), and was sentenced to 120 months imprisonment and three years supervised release. We remanded for resentencing, because the government failed to provide evidence at Burke's sentencing hearing in support of disputed factual statements in his presentence report (PSR) regarding whether Burke sexually abused the victim. See United States v. Burke, 80 F.3d 314 (8th Cir. 1996).

On remand, the district court[1] heard evidence on the disputed factual statements and reimposed the 120-month sentence. Burke appeals, and we affirm.

Burke argues that the district court erred in denying his request for specific performance of his plea agreement. Reviewing de novo, we conclude the district court properly denied Burke's request because the government did not breach the plea agreement. See United States v. Van Thournout, 100 F. 3d 590, 594 (8th Cir. 1996) (standard of review). Burke agreed that his offense carried a maximum ten-year sentence, and the agreement contained no promise as to a specific sentence.

Burke also argues that the government's failure to offer evidence in support of the disputed PSR statements at his original sentencing constituted a waiver of its right to present such evidence at resentencing. We disagree. We remanded because Burke had the right to insist that he be sentenced upon an adequate record, and we noted that certain evidence would likely be admissible and sufficient to establish sexual abuse. See Burke, 80 F.3d at 317. The district court heard such evidence at resentencing and found it sufficient; Burke does not challenge this finding. Thus, Burke has now been afforded his right to be sentenced on an adequate record. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE JAMES M. ROSENBAUM, United States District Judge for the District of Minnesota.