United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-2182
_____

United States of America,            *
                                     *
            Appellee,                *      Appeal from the United States
                                     *      District Court for the
      v.                             *      Western District of Missouri.
                                     *
Paula D. Hudson,                     *        [TO BE PUBLISHED]
                                     *
            Appellant.               *

_____

Submitted: October 7, 1997
        Filed:  November 5, 1997
_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.
_____

PER CURIAM.


      Paula D. Hudson pleaded guilty to conspiring to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.  After a sentencing hearing, the district court imposed a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) (1995), finding that Hudson possessed a firearm in connection with her drug offense.  Hudson appeals the resulting 151-month sentence, challenging the fact findings on which this enhancement was based.  We remand for resentencing.

Hudson's presentence investigation report (PSR) recited that on October 1, 1996, Hudson agreed to sell three pounds of methamphetamine to a prior customer, Donald Palmer, who was then cooperating with authorities. On October 3, one day before the agreed transaction, Palmer got into Hudson's car, examined a one-gram sample, and discussed delivery of the larger quantity. During this conversation, Hudson had a handgun lying in her lap. The next day, while on her way to meet Palmer, Hudson was stopped by local police, who found a small packet containing 60.5 grams of methamphetamine on her person and a loaded pistol in the vehicle. The PSR recommended a § 2D1.1(b)(1) enhancement. Hudson objected to the firearm enhancement, denying that she possessed a firearm on October 3 and arguing that she was not participating in the drug offense when arrested on October 4.

At the sentencing hearing, the probation officer who prepared the PSR testified, over Hudson's hearsay objection, that she had read a DEA agent's report, and interviewed that agent, concerning Hudson's arrest. The agent reported that, during the search of Hudson's car after her arrest, police found a pistol in the seat next to Hudson, the only occupant of the car. The government offered no further sentencing evidence. The district court then adopted the findings in the PSR. The court further found that the pistol uncovered in Hudson's vehicle on October 4 established a "pattern" because, as recited in the PSR, she had been in possession of a loaded firearm when arrested for possession of methamphetamine in November 1995, and displayed a weapon when she met with Palmer on October 3.

The district court's finding that Hudson possessed a firearm on October 3, 1996, is without record support and therefore clearly erroneous. As we have repeatedly held, when the defendant makes a timely objection to the PSR, "[i]f the sentencing court chooses to make a finding with respect to the disputed facts, it must do so on the basis of evidence, and not the presentence report." United States v. Burke, 80 F.3d 314, 316 (8th Cir. 1996), quoting United States v. Greene, 41 F.3d 383, 386 (8th Cir. 1994). Here, Hudson not only objected to the PSR's recommended § 2D1.1(b)(1)

enhancement, she specifically objected to the PSR's assertion that she possessed a firearm during her October 3 meeting with Palmer. Given those objections, the PSR is not evidence as to the presence of a weapon during the October 3 incident, and the government introduced no other evidence to establish that disputed fact at the sentencing hearing. To the extent the district court relied on the October 3 incident to establish a "pattern," its "pattern" finding is likewise flawed.

Accordingly, we remand this case for resentencing. Because we have clearly stated the governing principles as to when and how disputed sentencing facts must be proved, we direct that resentencing on remand be conducted on the existing sentencing record, with no opportunity for either party to reopen or add to that record.[1] We reject Hudson's contention that the district court abused its discretion in admitting and crediting the probation officer's hearsay testimony at the sentencing hearing. See U.S.S.G. § 6A1.3(a), p.s. (1995); United States v. Stavig, 80 F.3d 1241, 1247 (8th Cir. 1996) (standard of review); United States v. Wise, 976 F.2d 393, 395-96, 403-04 (8th Cir. 1992) (en banc), cert. denied, 507 U.S. 989 (1993).

The judgment of the district court is reversed and the case is remanded for further sentencing proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1] It is unclear whether the DEA agent's written report, to which the probation officer referred in her testimony at the sentencing hearing, was made part of the sentencing record in the district court. If so, the government failed to make it part of the record on appeal. If it was not part of the original sentencing record, it may not be made part of the sentencing record on remand.