# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2432

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Vincent B. Swain, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 6, 2000

Filed: January 19, 2000

_____

Before BOWMAN, FAGG, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Vincent B. Swain pleaded guilty to conspiring to possess cocaine with intent to deliver, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The presentence report (PSR) recommended Swain's base offense level be enhanced by two levels because he possessed a firearm in connection with the offense. See U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1998). Specifically, the police had recovered a loaded .38-caliber semi-automatic pistol from underneath co-defendant Willetta Jones's mattress, and Jones had advised the police it belonged to Swain. Swain objected to the PSR's

recommendation, denying ownership or possession of the gun, attributing ownership to Jones, and denying any relationship between the gun and the conspiracy.

At sentencing, the only evidence presented was Swain's testimony, and he again denied ownership of the gun and testified it belonged to Jones. After hearing Swain's testimony, the district court stated, "I am adopting [the PSR's] factual findings including the factual findings that this gun was possessed in connection with this offense." The court continued, "We also have evidence that this gun belongs to the defendant and I do not believe the defendant's testimony that he gave here today that . . . this gun was not his." The court applied the firearm enhancement and sentenced Swain to 156 months imprisonment and five years supervised release.

On appeal, Swain contends the district court committed error by applying the firearm enhancement. We agree. The district court expressly relied on the disputed factual portions of the PSR despite Swain's objections, and applied the firearm enhancement without any evidence in the sentencing record to establish the gun belonged to Swain. See United States v. Ortega, 150 F.3d 937, 946 (8th Cir. 1998) (if defendant objects to factual portions of PSR, district court must base its findings on evidence rather than on disputed PSR information), cert. denied, 119 S. Ct. 837 (1999). In this situation, we must reverse. See United States v. Hudson, 129 F.3d 994, 995 (8th Cir. 1997) (per curiam) (PSR is not evidence; clear error for district court to rely on disputed factual portions of PSR).

Swain also challenges the search and seizure of certain evidence; he waived this challenge, however, by unconditionally pleading guilty. See United States v. McNeely, 20 F.3d 886, 888 (8th Cir.) (per curiam), cert. denied, 513 U.S. 860 (1994).

The judgment of the district court is reversed, and the case is remanded for resentencing.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.