NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued February 10, 2010
Decided July 6, 2010

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 09-1478, 09-1979

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeals from the United States |
| *Plaintiff-Appellee,* | District Court for the Western |
| | District of Wisconsin. |
| *v.* | |
| | No. 08-CR-100 |
| MAXIMO PINEDA-BUENAVENTURA and | |
| EFRAIN PINEDA-BUENAVENTURA, | Barbara B. Crabb, |
| *Defendants-Appellants.* | *Judge.* |

## O R D E R

Brothers and codefendants Maximo and Efrain Pineda-Buenaventura each pled guilty to conspiring to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1).  Maximo was sentenced to 210 months' imprisonment, and Efrain was sentenced to 120 months.  Both now appeal their sentences, arguing that it was error for the district court to apply sentence enhancements based solely on facts contained in their respective

Presentence Investigation Reports ("PSRs"), because those facts were not supported by sufficient evidence. Because Maximo and Efrain have waived this argument, and because the district court was entitled to rely on uncontested factual findings in their PSRs, we affirm both sentences.

## I. BACKGROUND

Maximo and Efrain Pineda-Buenaventura were leaders of a large cocaine trafficking ring in Jefferson County, Wisconsin. In June 2008, following an extensive undercover investigation involving confidential informants, controlled drug purchases, and wiretaps, search warrants were executed at Maximo and Efrain's residences as well as at a storage locker rented by Maximo. At Maximo's residence, police recovered cocaine, a .357 Desert Eagle handgun, and drug distribution paraphernalia. At Efrain's residence, police recovered cocaine, a .22 caliber handgun, ammunition, $10,581 in U.S. currency, drug distribution paraphernalia, and a key to a Chevrolet Blazer owned by Maximo. In the storage unit, police discovered Maximo's Chevrolet Blazer in which $59,000 in U.S. currency and 599 grams of cocaine were concealed. Drugs, money, and other items related to the conspiracy were also found at various other locations searched in connection with the investigation.

Maximo, Efrain, and numerous coconspirators — mostly lower-level runners — were indicted. Maximo and Efrain each pled guilty to one count of conspiring to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1). Maximo and Efrain's PSRs involved the same calculations. Both had base offense levels of 32 based on relevant conduct involving between 5 and 15 kilograms of cocaine, per U.S.S.G. § 2D1.1(c)(4). Each PSR recommended two enhancements: a two-level increase based on the firearms found at their respective residences during execution of the search warrants per U.S.S.G. § 2D1.1(b)(1), and a four-level increase for playing leader/organizer roles in the conspiracy per U.S.S.G. § 3B1.1(a), resulting in an adjusted offense level of 38.[1] After a three-level downward adjustment for acceptance of responsibility pursuant to U.S.SG. § 3E1.1(a), each had a total offense level of 35. Both faced a mandatory statutory range of 10 years to life, 21 U.S.C § 841(b)(1)(A), and the recommended Guidelines range for each was 168-210 months.

Both Maximo and Efrain filed written objections to their respective PSRs. Neither challenged the validity of the facts contained in the PSRs, but instead challenged the legal import of those

---

[1] Maximo was described as a "leader and organizer" of the conspiracy from late 2006 through June 19, 2008, who acted as the primary contact person for many customers and directed numerous runners in the conspiracy. Efrain was described as another "leader" who worked with Maximo, acted as a primary contact for customers when Maximo traveled to Mexico, and directed numerous runners as well.

facts to the enhancements that they faced.[2] As to the § 3B1.1(a) leader/organizer enhancements, both Maximo and Efrain argued that facts demonstrated that they were only managers or supervisors of the conspiracy, not leaders. As to the § 2D1.1(b)(1) firearm enhancement, Maximo argued that the facts contained in his PSR did not demonstrate that he had any knowledge of or control over the weapon found at his residence. Efrain did not raise any objection to his firearm enhancement based on the weapon found at his residence.

Maximo was sentenced first. Asked at his sentencing hearing whether he had any additional objections to anything contained in the PSR, Maximo answered that he did not, but did submit an affidavit setting forth additional facts he hoped would mitigate against a finding that he possessed the firearm that had been found at his residence. The government also submitted additional facts supporting the conclusion that the gun was in fact Maximo's. Maximo then reiterated his arguments that neither the two-level firearm increase nor the four-level organizer increase were warranted. The court heard arguments, overruled the objections, and found that both enhancements were warranted. It then took into consideration the 18 U.S.C. § 3553(a) factors and sentenced Maximo to the high end of his Guideline range, 210 months.

Efrain was sentenced shortly thereafter. Asked at his sentencing hearing whether he had any additional objections to anything contained in his PSR, Efrain stated that he did not. The judge heard arguments, concluded that the leader and weapon enhancements were warranted,[3] applied the § 3553(a) factors, and sentenced Efrain to the mandatory-minimum 120 months,

---

[2] Efrain, for example, argued that "[t]he facts contained within the PSR are insufficient" to support a finding that he was a leader in the conspiracy, but he did not dispute the facts themselves. Similarly, Maximo argued that the facts in his PSR were legally insufficient to establish the enhancements he faced, but he did not argue that the facts themselves lacked sufficient evidentiary support.

[3] In the course of making the finding that a leader/organizer enhancement was warranted for Efrain, the district court appears to have mistakenly referred to two individuals he directed in a related case in which he was an unindicted named coconspirator. This mistake was inconsequential. It is clear that the conspiracy in this case involved at least five participants, and other findings the judge made based on facts in the PSR independently supported the conclusion that Efrain was an organizer or leader of this conspiracy under the § 3B1.1(a) factors. *See* § 3B1.1, cmt. n.4; *see also United States v. Wasz*, 450 F.3d 720, 729 (7th Cir. 2006) ("no one of [the § 3B1.1] factors is considered a prerequisite to the enhancement"); *cf. United States v. Diekemper*, 604 F.3d 345, 353-54 (7th Cir. 2010) (headcount not necessary for leadership enhancement in an otherwise extensive conspiracy). And in any event, the enhancement did not affect Efrain's ultimate sentence —he received the lowest possible statutory minimum term of 120 months, well below his recommended Guideline range.

which was below his recommended Guideline range.[4]

## II. ANALYSIS

Maximo and Efrain make the same argument on appeal: that it was error for the district court to rely on the factual findings set forth in their PSRs in applying sentencing enhancements, because those findings were not, in their words, supported by "evidence of record." Because neither Maximo nor Efrain made this argument to the district court, we must determine whether the argument has been waived or forfeited on appeal. *See United States v. Spells*, 537 F.3d 743, 747 (7th Cir. 2008). Waiver is an intentional, strategic decision not to assert an argument and precludes appellate review; forfeiture is an accidental or negligent omission and permits review for plain error. *United States v. Canady*, 578 F.3d 665, 669 (7th Cir. 2009); *United States v. Jaimes-Jaimes*, 406 F.3d 845, 847 (7th Cir. 2005). "The line between waiver and forfeiture is often blurry," and the distinction hinges on whether a defendant "chose, as a matter of strategy, not to present an argument." *United States v. Garcia*, 580 F.3d 528, 541 (7th Cir. 2009). To make this determination we must draw inferences from the record and the circumstances. *Id.* at 542 (inquiry requires some "conjecture" and "divin[ing] from the record an intent to forego an argument.").

The government argues that Maximo and Efrain have waived the argument they make on appeal, and we agree. Maximo and Efrain's decisions not to challenge the facts contained in their PSRs appear to have been strategic choices, not mistaken omissions. Both Maximo and Efrain made conscious decisions in the district court to challenge the import of the facts in their PSRs to the sentencing enhancements they faced, rather than to challenge the validity of the facts themselves in the way they now do on appeal. *See United States v. Brodie,* 507 F.3d 527, 531 (7th Cir. 2007) ("[W]hen the defendant selects among arguments as a matter of strategy, he also waives those argument he decided not to present."); *United States v. Kindle*, 453 F.3d 438, 442 (7th Cir. 2006) ("There may be sound strategic reasons why a criminal defendant will elect to pursue one sentencing argument while also choosing to forego another, and when the defendant selects as a matter of strategy, he also waives those arguments he decided not to present."). Additionally, at their respective sentencing hearings, both Maximo and Efrain were asked if they had further objections to their PSRs, and each stated on the record that he did not. *See Garcia,* 580 F.3d at 542 (finding waiver where defendant stated he had no further objections to PSR); *Brodie*, 507 F.3d at 532 (same); *United States v. Staples*, 202 F.3d 992, 995 (7th Cir. 2000) (same). While a defendant's statement that he has no further objections does not automatically

---

[4] The Government stated at oral argument that the disparity between Maximo and Efrain's sentences was due to a U.S.S.G. § 5K1.1 substantial assistance motion that was filed on behalf of Efrain.

constitute a waiver of any later argument related to the PSR, *see Jaimes-Jaimes*, 406 F.3d at 848, here the defendants' statements to that effect do support a finding of waiver given the circumstances. Maximo and Efrain could have advanced the fundamental objection to their PSRs that they now both make — that findings in a PSR should be supported by, in their terms, "evidence of record" — but both lawyers chose instead to reiterate and elaborate on the specific arguments they had made in their written objections.[5] The conclusion that these choices were strategic, and not negligent, is buttressed by the fact that both Maximo and Efrain were poised to benefit from downward adjustments for acceptance of responsibility, and challenging the validity of the facts in their PSRs could have put those adjustments in jeopardy. *See United States v. Salem*, 597 F.3d 877, 890 (7th Cir. 2010) (waiver where defendant made apparent strategic choice not to dispute relevant conduct in PSR when doing so might have jeopardized reduction for acceptance of responsibility); *see also United States v. Rosenberg,* 585 F.3d 355, 358 (7th Cir. 2009) (same). We find that Maximo and Efrain have waived their challenge to the accuracy or validity of the factual findings contained in their respective PSRs.

Even if we were to find that the argument was merely forfeited, Maximo and Efrain still could not prevail. It was not error for the district court to rely on facts in the PSR in determining Maximo and Efrain's sentences. Evidentiary standards at sentencing are not as stringent as those at trial, *see United States v. Taylor*, 72 F.3d 533, 543 (7th Cir. 1995), and a district court may rely on facts in the PSR at sentencing so long as they are based on sufficiently reliable information. *See United States v. Are*, 590 F.3d 499, 521 (7th Cir. 2009) ("In determining whether a defendant is an organizer or leader, the district court need not rely solely on admissible evidence."); *United States v. Artley*, 489 F.3d 813, 821 (7th Cir. 2007); *see also* U.S.S.G. § 6A1.3. It is the defendant's burden to show that the PSR is inaccurate or unreliable. *United States v. Turner*, 604 F.3d 381, 385 (7th Cir. 2010). And "when a defendant has failed to produce any evidence calling the report's accuracy into question, a district court may rely entirely on the PSR." *Taylor*, 72 F.3d at 547. Here, Maximo and Efrain's PSRs set forth facts relevant to the sentence enhancements they faced: Maximo's PSR contained facts showing that he was at the top of the conspiracy's hierarchy and that a firearm was found next to cocaine in a closet in his residence; Efrain's PSR contained facts showing that he had arranged to buy cocaine from suppliers, had a number of coconspirators working under him, and had a firearm in his home. Maximo and Efrain filed objections challenging the significance of these facts to the enhancements they faced, but neither advanced any wholesale objection to the fundamental reliability of these facts in the way they now do on appeal. And Maximo, for his part, supplied additional facts to the court relevant to his gun enhancement, which the district judge took into

---

[5] Maximo's submission of an affidavit at his sentencing hearing presenting additional facts related to his § 2D1.1(b)(1) enhancement further supports the finding of waiver. This affidavit indicates a conscious choice to supplement the facts in the PSR rather than to challenge their evidentiary basis in the way he now does.

consideration in addition to those in his PSR before ruling (thus Maximo's contention that the district judge based her findings "solely" on claims in his PSR is not accurate). It was proper for the district court to rely on facts in the defendants' respective PSRs in determining their sentences. *See Turner,* 604 F.3d at 385; *Artley,* 489 F.3d at 821.

The defendants' briefs both cite a single case, *United States v. Hudson,* 129 F.3d 994, 995 (8th Cir. 1997), to support their argument. There, the Eighth Circuit held that a district court's reliance on a PSR's finding that the defendant had possessed a firearm, without any additional evidence, was clearly erroneous. *Id.* Even it were a controlling case in this circuit, *Hudson* is no help to the defendants because it is inapplicable. In *Hudson,* the defendant actually objected to the PSR's factual assertion that a gun had been found in her automobile. *Id.* at 994. Here, as has been discussed, neither defendant made any equivalent objection to the factual findings in their respective PSRs.

### III. CONCLUSION

The defendants' sentences are AFFIRMED.