**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**James Earl MATTHEWS,**
**Defendant–Appellant.**

**No. 98–10499.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted En
Banc Sept. 24, 2001.

Jan. 29, 2002.

---

882

John C. Lambrose and Paul G. Turner, Assistant Federal Public Defenders, Las Vegas, NV, for the defendant-appellant.

Peter Ko, Assistant United States Attorney, Las Vegas, NV, for the plaintiff-appellee.

Before: SCHROEDER, Chief Judge, and B. FLETCHER, KOZINSKI, O'SCANNLAIN, FERNANDEZ, T.G. NELSON, GRABER, McKEOWN, WARDLAW, PAEZ, and BERZON, Circuit Judges.

## OPINION

PAEZ, Circuit Judge.

Defendant James Earl Matthews ("Matthews") was convicted of one count of being a felon in possession of a firearm and sentenced as an Armed Career Criminal to 280 months in prison under 18 U.S.C. § 924(e) and United States Sentencing Guidelines Manual § 4B1.4(b)(3)(B). Matthews appealed both the underlying conviction and his sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

A three-judge panel of this court affirmed Matthews's conviction, reversed his sentence, and remanded for resentencing on the existing record. We agreed to rehear this case en banc to determine whether, in remanding for resentencing, it was appropriate to limit the district court's discretion to consider additional evidence. We hold, consistent with our past practice, that we generally will not limit the district court's discretion to consider additional evidence when we remand for resentencing. We further hold that the circumstances of this case do not warrant a departure from this general rule. We adopt as our own the portions of the panel opinion affirming the conviction and reversing Matthews's sentence. Contrary to the panel opinion, however, we remand for resentencing without limiting the district court to the existing record.

## BACKGROUND[1]

Matthews was arrested by agents for the Bureau of Alcohol, Tobacco, and Firearms ("ATF") after he sold three firearms to a paid ATF informant. He was indicted on three counts of being a felon in possession of firearms and two counts of possession of stolen firearms. After a trial, the jury convicted Matthews of all three felon-in-possession counts, but acquitted him of the two stolen firearms counts. The district court subsequently dismissed two of the three felon-in-possession counts as multiplicitous.

1. We summarize the pertinent facts only briefly. The facts surrounding Matthews's conviction are set forth in detail in the panel opinion. *United States v. Matthews*, 240 F.3d 806 (9th Cir.2000) (*"Matthews I"*), reh'g en banc granted, 254 F.3d 825 (2001).

The probation officer's Presentence Investigation Report ("PSR") calculated Matthews's base offense level as 24. The officer added one point because the crime involved three guns and two points because the crime involved stolen guns, for an adjusted offense level of 27. The PSR also recommended that the district court sentence Matthews as an Armed Career Criminal under 18 U.S.C. § 924(e) and United States Sentencing Guidelines Manual § 4B1.4(b)(3)(B). According to the PSR, Matthews qualified for an Armed Career Criminal enhancement ("ACC enhancement") because he was at least 18 years old at the time of the crime; the offense charged was a qualifying felony; and he had at least three prior qualifying felony convictions—a conviction for burglary and larceny in 1974, an attempted burglary conviction in 1978, a conviction for burglary and battery with intent to commit a crime in 1985, and a burglary conviction in 1987. The PSR did not specify under which state statutes Matthews had been convicted. The Armed Career Criminal identification enhanced Matthews's sentence to offense level 33, increasing the sentencing range for Matthews from 130–162 months to 235–293 months.

Pursuant to Federal Rule of Criminal Procedure 32(b)(5), Matthews filed written objections to the PSR. Matthews objected to application of the ACC enhancement. He contended that three of the four burglary and attempted burglary convictions

that the PSR identified as "violent felonies" did not involve the use of force, threat of force, or use of weapons. Matthews argued that evidence of the use or threat of force was required by 18 U.S.C. § 924(e)[2] and that, without such evidence, the prior convictions could not be used to classify him as an Armed Career Criminal. The government filed a written response in support of the ACC enhancement, but did not identify the state statutes of conviction or offer any evidence regarding these convictions. At the sentencing hearing, Matthews's counsel also objected to the ACC enhancement on the ground that certified copies of conviction were required. The government did not offer any additional evidence at the hearing; it argued that certified copies of the judgments were unnecessary because the rules of evidence did not apply to sentencing proceedings. The district court overruled Matthews's objections to the PSR and sentenced him to 280 months in prison as an Armed Career Criminal.

Matthews timely appealed both his sentence and the underlying conviction. He challenged, among other things, the sufficiency of the evidence supporting the conviction, the introduction of "other crimes" evidence at trial, the effect on the jury at trial of the multiplicitous indictment, improper prosecutorial vouching during closing argument, and the application of the ACC enhancement. In his appeal, Matthews recast his objection to the ACC

2. Section 924(e)(1) provides:

In the case of a person who violates section 922(g) of this title [prohibiting certain persons from shipping, transporting, possessing, or receiving a firearm in interstate commerce] and has three previous convictions by any court referred to in section 922(g)(1)of this title for a violent felony or a serious drug offense, ... such person shall be fined not more than $25,000 and imprisoned not less than fifteen years [without probation].

Section 924(e)(2)(B) defines "violent felony" as follows:

[A]ny crime punishable by imprisonment for a term exceeding one year ... that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another....

enhancement, arguing that the government had failed to show that Matthews's prior felony convictions were qualifying burglaries under § 924(e) because it did not introduce the state statutes of conviction or other evidence that would establish the elements of the statutes.

The panel rejected each of Matthews's challenges to his conviction. It also concluded that the district court erred as a matter of law in sentencing Matthews as an Armed Career Criminal because it did not analyze the statutes of conviction or certified copies of the convictions before imposing the ACC enhancement, as required by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and our subsequent cases, *United States v. Potter*, 895 F.2d 1231, 1238 (9th Cir.1990), and *United States v. Phillips*, 149 F.3d 1026, 1033 (9th Cir.1998).

The panel remanded for resentencing, but limited the scope of the district court's sentencing authority to consideration of evidence in the existing record. The panel concluded that the government "patently failed to comply with a critical requirement" by failing to introduce the statutes or certified copies of the convictions and therefore "should not be able to do on remand what it has no excuse for failing to do the first time around." *Matthews I*, 240 F.3d at 821. In doing so, the panel relied on cases in which our sister circuits have remanded for resentencing on the existing record. *Id.* at 821–22 (citing *United States v. Hudson*, 129 F.3d 994, 995 (8th Cir.1997) (per curiam); *United States v. Dickler*, 64 F.3d 818, 832 (3d Cir.1995); *United States v. Leonzo*, 50 F.3d 1086, 1088 (D.C.Cir.1995); *United States v. Parker*, 30 F.3d 542, 553–54 (4th Cir.1994); *United States v. Monroe*, 978 F.2d 433, 435–36 (8th Cir.1992)). We granted en banc review to consider wheth-

er it was appropriate in this case to limit the district court's discretion to consider additional evidence.

## *DISCUSSION*
### I. *Challenges to the Conviction and Sentence*

We adopt as our own the portions of the panel opinion affirming Matthews's conviction. *Matthews I*, 240 F.3d at 814–19. We also adopt as our own the portion of the panel's opinion, *id.* at 819–21, that holds that the district court erred in sentencing Matthews as an Armed Career Criminal. We summarize the panel's analysis of the sentencing issue briefly here and address an additional argument raised by the government in its petition for rehearing regarding the sufficiency of Matthews's objection to the application of the ACC enhancement.

 We conclude that the district court erred in sentencing Matthews as an Armed Career Criminal because it failed to analyze the statutes under which Matthews was previously convicted to determine whether they satisfied the elements of a "generic burglary" under *Taylor*. As we recently explained in *United States v. Franklin*, 235 F.3d 1165, 1170 & n. 5 (9th Cir.2000), *Taylor* requires that, when the government seeks to apply the ACC enhancement, it must introduce either the statutes of conviction or some other documentary evidence that "clearly establishes" either the statutes under which the defendant was convicted or the elements of those statutes. *See also Phillips*, 149 F.3d at 1033 (holding that it was sufficient that the government "submitt[ed] unchallenged, certified records of conviction and other clearly reliable evidence"); *Potter*, 895 F.2d at 1238 (requiring that the sentencing court examine the statutes of conviction to determine whether the convictions constitute qualifying felonies under *Taylor*).

Although the government acknowledges its obligation to establish the statutes of conviction under *Taylor*, it nevertheless argues that the district court did not err in failing to analyze them because Matthews did not make a proper objection. We disagree.

■ In his Rule 32 objection, Matthews clearly disputed his classification as an Armed Career Criminal on the basis that the prior convictions relied upon by the prosecution did not qualify under the statute. Although Matthews erroneously argued that the district court should find that the convictions did not qualify because of the circumstances of the individual crimes, rather than the elements of the statutes of conviction as required by *Taylor*, 495 U.S. at 602, 110 S.Ct. 2143, both the government and the district court recognized that the *Taylor* standard governed. This is clear because both explicitly discussed *Taylor* in responding to Matthews's objections. Indeed, the government even quoted the *Taylor* standard in its written response.

The district court did not, however, analyze the statutes of conviction to determine whether the *Taylor* standard was in fact met, as *Taylor* directs courts to do. *See id.* at 602, 110 S.Ct. 2143 (requiring analysis of the "statutory definition" to determine whether it "substantially corresponds to 'generic' burglary" and remanding where the record was too "sparse" to identify the statutes under which Taylor was previously convicted). The district court could have found the factual predicate for this analysis from a variety of sources, including the statutes of conviction themselves, *id.*, copies of the judgments of conviction, *Potter*, 895 F.2d at 1238, or other documentary evidence that "clearly establishes" the statutes under which Matthews was convicted or the elements of those statutes, *Franklin*, 235 F.3d at 1170 & n.

5. The district court could not rely merely on the PSR, however, at least not in a case like this, where the PSR did not specify the statutes of conviction. *Id.* at 1172; *Potter*, 895 F.2d at 1238. It nevertheless did so. This was error.

## II. Remand for Resentencing

■ The proper remedy for the district court's error is to vacate Matthews's sentence and remand for resentencing. Matthews asks that we, in remanding to the district court, limit its discretion to consider evidence beyond the existing record. Without discussing past practice in this circuit, Matthews argues that, when the government fails to meet its burden of production and persuasion, it generally ought not be allowed a "second bite at the apple." He cites several out-of-circuit cases in support of such a rule. We are not persuaded that we should impose such limitations on the district court's discretion to consider any matter, including additional evidence, related to resentencing.

■ We hold that, as a general matter, if a district court errs in sentencing, we will remand for resentencing on an open record—that is, without limitation on the evidence that the district court may consider. *United States v. Ponce*, 51 F.3d 820, 826 (9th Cir.1995) (per curiam) ("Where a sentence exceeds the district court's authority, our practice is to vacate the entire sentence and remand for resentencing."); *United States v. Blue Mountain Bottling Co. of Walla Walla*, 929 F.2d 526, 529 (9th Cir.1991) ("The appropriate remedy for a sentence imposed in excess of the sentencing court's authority is to vacate the entire sentence and remand for resentencing."). On remand, the district court generally should be free to consider any matters relevant to sentencing, even those that may not have been raised at the first sentencing hearing, as if it were sen-

tencing de novo. *Ponce,* 51 F.3d at 826; *United States v. Caterino,* 29 F.3d 1390, 1394 (9th Cir.1994) ("The general rule is that a district court on remand may take any matter into account and may hear any evidence relevant to sentencing."), *overruled on other grounds by Witte v. United States,* 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995).

This default rule furthers the goals of "predictability and consistency in sentencing," because it allows for the fullest development of the evidence relevant to a just sentence. *Matthews I,* 240 F.3d at 823 (O'Scannlain, J., dissenting); *see also United States v. Banuelos–Rodriguez,* 215 F.3d 969, 976 (9th Cir.2000) (en banc) (stating that "it is indisputable that the goal of federal sentencing reform was the elimination of unwarranted sentencing disparity"). It is also in accord with our prior practice. *See, e.g., United States v. Martinez,* 232 F.3d 728, 735 (9th Cir.2000) (reversing finding that the defendant was a career criminal and remanding without limitation); *United States v. Standard,* 207 F.3d 1136, 1143 (9th Cir.2000) (remanding for resentencing without limitation on the district court's authority to consider additional evidence where the district court had failed to make required factual findings); *United States v. Casterline,* 103 F.3d 76, 80 (9th Cir.1996) (remanding for resentencing to allow the district court, "in the first instance," to determine the number of firearms that the defendant possessed even though the government bore the initial burden of production); *United States v. Gutierrez–Hernandez,* 94 F.3d 582, 585 (9th Cir.1996) (remanding for resentencing where the district court had failed to make necessary factual findings without limiting the evidence that the district court could consider on remand); *United States v. Licciardi,* 30 F.3d 1127, 1134 (9th Cir.1994) (same); *United States v. Fernandez–Angulo,* 897 F.2d 1514, 1516–17 (9th Cir.1990) (en banc) (remanding without limiting the evidence that the district court could consider at resentencing).

■ We recognize that there have been some cases where, based on particular circumstances, we have limited the discretion of the district court to resentence de novo. *United States v. Rivera–Sanchez,* 247 F.3d 905, 909 (9th Cir.2001) (en banc); *United States v. Mateo–Mendez,* 215 F.3d 1039, 1045 (9th Cir.), *cert. denied,* 531 U.S. 983, 121 S.Ct. 437, 148 L.Ed.2d 444 (2000); *United States v. McElyea,* 158 F.3d 1016, 1021 (9th Cir.1998); *United States v. Reyes–Oseguera,* 106 F.3d 1481, 1484 (9th Cir.1997); *Ponce,* 51 F.3d at 829; *United States v. Becerra,* 992 F.2d 960, 967 (9th Cir.1993). We do not read these cases as requiring a different general approach, however, particularly because they involve circumstances in which either additional evidence would not have changed the outcome, *see Rivera–Sanchez,* 247 F.3d at 909 (noting that a "full evidentiary record" had already been developed); *Mateo–Mendez,* 215 F.3d at 1045 (noting that district court's factual findings on the relevant issue were "unequivocal"); *McElyea,* 158 F.3d at 1021 (finding that, after a full inquiry into the relevant issue, "[t]he record ... does not contain any information" that would suggest an alternative factual finding), or where there was a failure of proof after a full inquiry into the factual question at issue, *see Reyes–Oseguera,* 106 F.3d at 1484 (stating that the government had offered insufficient evidence to support a finding of reckless endangerment); *Ponce,* 51 F.3d at 829 (finding that the government had offered no evidence to support sentencing at criminal history category III); *Becerra,* 992 F.2d at 967 (holding that the government had offered insufficient evidence to support a finding that defendant Jose Becerra knew about or

could have anticipated that the drug transaction in question could have involved 25 kilograms of cocaine). Here, in contrast, there was no offer of proof regarding the state statutes under which Matthews was convicted and no inquiry into that factual question because of the district court's legal error.

In addition, the out-of-circuit cases that Matthews cites do not warrant a departure from our general practice. These cases do not persuade us to adopt a different general rule, because they either support our position or offer little helpful analysis to support any general limit on the district court's authority to consider additional evidence on remand. Nor do they persuade us to create an exception under the facts of this case, because they are factually distinguishable.

One of the out-of-circuit cases cited by Matthews, *United States v. Dickler*, 64 F.3d 818, 831–32 (3d Cir.1995), supports the general rule that we reaffirm today. In *Dickler*, the Third Circuit held that the district court improperly calculated the loss that had resulted from the defendants' bank fraud by using the defendants' gain as a surrogate for the victim's loss without adequately explaining why an estimate of the victim's loss was not feasible. *See id.* at 827. The court vacated the defendants' sentence and remanded for resentencing.

Although the Third Circuit noted that, "where the government has the burden of production and persuasion ..., its case should ordinarily have to stand or fall on the record it makes the first time around," *id.* at 832, the court did not purport to limit the district court's discretion to consider additional evidence at re-sentencing, *id.* at 831. Rather, after noting that "it will frequently not be fair to expect the government to be prepared with evidence concerning any theory of loss calculation

the defendant may advance at the sentencing hearing," the court stated:

> By making these observations, we do not suggest that the government should or should not be permitted to offer further evidence in this case on remand. The district court is in a far better position than we to assess the situation in the light of the circumstances surrounding the original sentencing hearing.

*Id.* at 832.

The two Eighth Circuit cases on which Matthews relies provide little analysis to support the limits they place on the district court at resentencing. In *United States v. Monroe*, 978 F.2d 433 (8th Cir. 1992), the Eighth Circuit remanded for resentencing on the existing record because the district court applied the wrong legal standard in determining whether Monroe possessed crack cocaine or cocaine powder. *Id.* at 435–36. But it provided no explanation for its decision to limit district court's discretion to consider additional evidence. *Id.* at 436.

In *United States v. Hudson*, 129 F.3d 994 (8th Cir.1997) (per curiam), the Eighth Circuit held that the district court erred in adopting the factual findings of the PSR where the defendant timely objected to the PSR's assertion that the defendant possessed a firearm at the time of her arrest. The court directed that resentencing be conducted on the existing record. *Id.* at 995. *Hudson* offers no persuasive analysis, however, that supports limiting the district court's discretion to consider additional evidence upon resentencing. It simply stated: "Because we have clearly stated the governing principles as to when and how disputed sentencing facts must be proved, we direct that resentencing on remand be conducted on the existing sentencing record, with no opportunity for either party to reopen or add to that record." *Id.* (footnote omitted). Because of

the lack of analysis in these two cases, *Monroe* and *Hudson* have little persuasive value.

Nor can *United States v. Leonzo*, 50 F.3d 1086 (D.C.Cir.1995), and *United States v. Parker*, 30 F.3d 542 (4th Cir. 1994) justify any general limitation on the district court's authority to consider additional evidence, because they rely only on cases that are distinguishable both from the circumstances to which these two courts applied them and from the circumstances of the present case. *Leonzo* was a bank fraud case in which the D.C. Circuit determined that the district court improperly calculated the victim's loss. *See* 50 F.3d at 1088. After determining that there was insufficient evidence to support the government's claim of loss, the court remanded for resentencing on the existing record. In doing so, however, it relied without analysis on a Seventh Circuit case where the government could not have proved loss even if it had presented additional evidence, *United States v. Schneider*, 930 F.2d 555, 557–59 (7th Cir.1991), and on two Tenth Circuit cases, *United States v. Abud–Sanchez*, 973 F.2d 835, 839 (10th Cir.1992), and *United States v. Smith*, 951 F.2d 1164, 1166 (10th Cir.1991), where consideration of additional evidence could not have changed the outcome.

In *Parker*, the government presented evidence that two people played a game of one-on-one basketball in a park near the location where the defendant had committed a drug offense. The Fourth Circuit determined that this evidence was insufficient to prove that the offense had occurred within 1,000 feet of a playground, 30 F.3d at 552–53, as was required in order both to convict the defendant of a more serious offense under 21 U.S.C. § 860(a) and to enhance his sentence under United States Sentencing Guidelines Manual § 2D1.2(a)(1) (covering drug of-

fenses occurring near "protected locations"), *id.* at 553. In directing the district court to enter a judgment of conviction for a lesser included offense and to resentence on the existing record, the court concluded that, because the government had already had "one full and fair opportunity to offer whatever proof about Tonsler Park it could assemble," it should not be allowed to introduce additional evidence at resentencing that the park contained a playground. *Id.* at 553–54.

In doing so, however, *Parker* erroneously relied on *Burks v. United States*, 437 U.S. 1, 18, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), which held that the Double Jeopardy Clause prohibits the government from presenting additional evidence after a conviction is reversed for insufficient evidence. *Burks's* reasoning is unpersuasive in the present case, because we have held that resentencing does not violate the Double Jeopardy Clause, *Ponce*, 51 F.3d at 826, and because the special circumstances in *Parker*—where the court's ruling barred the government from introducing additional evidence relevant not just to a sentencing factor, but also to an element of a separate offense for which the defendant had already been tried—do not exist here. *Parker* did not offer any other authority to support its decision.

Furthermore, except for *Hudson*, each of these cases from our sister circuits involves circumstances in which the district court considered the relevant factual question, but erred in its ultimate conclusion. Here, however, the district court did not fully consider the relevant factual issue— under which state statutes Matthews was previously convicted—because its erroneous legal determination—that it need not analyze the statutes or certified copies of conviction—obviated the need to do so.

We decline to establish an exception based on these circumstances. Instead, we

follow our general rule, and remand for resentencing without limitation on the district court as we did in analogous circumstances in *Standard.* 207 F.3d at 1142–43. *Standard* involved the conviction and sentencing for tax fraud of an attorney who deducted payments that he made for third-party referrals as "other expenses." *Id.* at 1137. In calculating the government's tax loss where only the attorney's deduction of payments for solicited referrals was improper, the district court failed to "acknowledge[ ] the legal distinction between payments made for solicited cases and those made for unsolicited referrals." *Id.* at 1142. Thus, "no factual findings were ever made in this regard." *Id.*

Following our approach in *Standard,* we conclude that there is no reason to limit the district court's authority to explore fully a factual issue at resentencing simply because it failed to do so during the first proceeding as a result of an erroneous legal ruling.[3] *See also Casterline,* 103 F.3d at 80. Indeed, here it makes little sense for us to direct the district court to determine whether the state statutes of conviction meet *Taylor's* requirements, but not to allow the government to establish which statutes the district court should consider. *Compare Taylor,* 495 U.S. at 602 (remanding where it was "not apparent ... from the sparse record ... which ... statutes were the bases for Taylor's prior convictions"), *with Rivera–Sanchez,* 247 F.3d at 909 (directing the district court to conduct a *Taylor* analysis of the existing record where "[a] full evidentiary record" had already been developed).

■ Our holding does not preclude this court from limiting the scope of the *issues* for which we remand, and thus limiting the

district court's consideration to evidence and arguments relevant to those issues. *See, e.g., United States v. Pimentel,* 34 F.3d 799, 800 (9th Cir.1994) (per curiam) (holding that, where it was clear that the court of appeals had limited the issues on resentencing to the one issue raised in the defendant's first appeal, the district court did not err in declining to consider other issues raised by the defendant on remand); *see also Caterino,* 29 F.3d at 1394 (holding that the district court's discretion to consider any issue relevant to sentencing may be limited by the express or implied limits in the remand mandate). As we explained in *Caterino,* we have created exceptions to our general rule that the district court resentence de novo to "preclude consideration of post-sentencing conduct," as well as conduct beyond the scope of the issues or which we remand. *Id.* Our holding today does not disturb these exceptions. In addition, we do not foreclose the possibility that there may be other circumstances under which it might be appropriate to limit the evidence that the district court may consider on remand, such as if the government engaged in deceptive, obstructive, or otherwise inappropriate conduct.

The circumstances of this case, however, do not warrant a departure from our general practice of remanding without limiting the district court's sentencing discretion. The government's failure to introduce either the statutes of conviction or certified copies of conviction might be explained, in part, by the fact that the basis of Matthews's objection to the ACC enhancement, while sufficient to preserve the issue for appeal, was not entirely clear. Under these circumstances, we do not preclude

---

3. We therefore decline to create an exception to our general practice based on *Hudson,* 129 F.3d at 995, where, as in *Standard,* the district court erroneously failed to respond to the defendant's objections to the presentence report and adopted it without hearing additional evidence.

the district court from allowing the government to correct the deficiencies in the record on remand.

\*　　\*　　\*　　\*　　\*　　\*

AFFIRMED IN PART, REVERSED IN PART, and REMANDED to the district court for resentencing consistent with this opinion.