**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Nelson LOPEZ–MOLINA, Defendant—Appellant.**

No. 02–50513.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2007.*

Filed Feb. 12, 2007.

Pegeen D. Rhyne, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Nelson Lopez Molina, Terminal Island, CA, pro se.

Gary P. Burcham, Esq., San Diego, CA, for Defendant–Appellant.

Before: HALL, O'SCANNLAIN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Nelson Lopez–Molina ("Lopez–Molina") challenges his conviction for aiding and abetting a bank robbery and the 151–month sentence imposed after his jury trial. We affirm the conviction but remand for resentencing. Because the parties are familiar with the facts of the case, we do not recite them here.

Lopez–Molina asserts that the district court erred in granting the government's motion *in limine* to introduce his prior burglary convictions for purposes of impeachment. Because Lopez–Molina admitted these convictions on direct examination, this argument is waived. *Ohler v. United States,* 529 U.S. 753, 760, 120 S.Ct. 1851, 146 L.Ed.2d 826 (2000) ("[A] defendant who preemptively introduces evidence of a prior conviction on direct examination may not on appeal claim that the admission of such evidence was error."). We therefore affirm the conviction.

Lopez–Molina also challenges his sentence on a number of grounds. The government concedes that the district court committed plain error by relying solely on the presentence report to establish the

elements of Lopez–Molina's prior convictions. *See United States v. Sandoval–Venegas,* 292 F.3d 1101, 1109 (9th Cir. 2002). Because the record presently lacks the documents that would enable the government to carry its burden of proving qualifying prior convictions to support an enhancement, we vacate and remand for re-sentencing. At re-sentencing, the district court shall permit the government to tender additional judicially noticeable evidence to support the enhancement. *See United States v. Navidad–Marcos,* 367 F.3d 903, 909 (9th Cir.2004); *United States v. Matthews,* 278 F.3d 880, 885–86 (9th Cir.2002) (en banc).

Conviction AFFIRMED; sentence VACATED and REMANDED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

