**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Michael Dean GALLOWAY,**
**Defendant–Appellant.**

**No. 06–30360.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 20, 2007.

Frank R. Papagni, Jr., Esq., Office of the U.S. Attorney, Eugene, OR, for Plaintiff–Appellee.

Emilio F. Bandiero, Law Offices of Emilio F. Bandiero, Esq., Eugene, OR, for Defendant–Appellant.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

---

Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Michael Dean Galloway appeals from the 235–month sentence imposed following his guilty-plea conviction to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5845(a) and (d), 5861(d), and 5871. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

Galloway contends that the district court improperly considered his prior convictions for first-degree and second-degree burglary in violation of Oregon Revised Statutes §§ 164.215 and 164.225, as crimes of violence in determining that he was eligible for sentencing as a career offender pursuant to the Armed Career Criminal Act ("ACCA").

This court recently held that Oregon's second-degree burglary statute is overbroad for purposes of the *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), categorical analysis. *See United States v. Grisel,* 488 F.3d 844, 851 (9th Cir.2007) (en banc) (holding that second-degree burglary under Oregon law is not a categorical burglary for purposes of the ACCA because it encompasses crimes that fall outside the federal definition of generic burglary).

The government contends that the enhancement may be upheld under the modified categorical inquiry. The record, however, is unclear as to whether the district court actually conducted this analysis, and, in any event, the documents submitted by the government do not demonstrate that both of these prior convictions qualify as generic burglaries.

Because the district court did not have the benefit of *Grisel* at the time of its decision, we vacate and remand without limitation to the district court from allowing the government to further supplement the record. *See United States v. Matthews,* 278 F.3d 880, 889 (9th Cir.2002) (en banc).

## VACATED and REMANDED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

