**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Abraham BARRAZA–DUARTE, Defendant–Appellant.**

No. 06–10525.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 24, 2008.

As Amended on Clarification May 29, 2008.

Elizabeth R. Berenguer, Esq., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Rosemary Marquez, Montoya & Marquez, P.L.L.C. Attorney at Law, Tucson, AZ, for Defendant–Appellant.

Before: HALL, O'SCANNLAIN and PAEZ, Circuit Judges.

MEMORANDUM **

Abraham Barraza–Duarte appeals from the district court's order denying his motion to dismiss the indictment charging him with illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.

Barraza–Duarte contends that the district court erred in rejecting his due process challenges to his underlying removal proceedings. He asserts that the Immigration Judge failed to advise him that he was eligible to adjust his status under 8 U.S.C. § 1255(i)(1)(A), which applies to him because he is married to a United States citizen. We agree.

The district court, denied his motion, finding that Barraza–Duarte failed to establish a plausible basis for such relief because he was not entitled to a waiver from inadmissibility under 8 U.S.C. § 1182(h).

Such a waiver is only at issue if Barraza–Duarte was convicted of a predicate crime, such as a crime of moral turpitude. The district court, however, did not make any findings in this regard, and furthermore it did not have the benefit of our decision in *Fernandez–Ruiz v. Gonzales,* 468 F.3d 1159 (9th Cir.2006). On review of the record, the predicate crimes cited by the government do not qualify under the categorical approach, and the record before us is insufficient to make any conclusions following the modified categorical approach. *See Fernandez–Ruiz v. Gonzales,*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

468 F.3d 1159, 1169 (9th Cir.2006); *see also Shepard v. United States,* 544 U.S. 13, 24, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

We therefore vacate the judgment and remand so that the district court may consider this issue in the first instance, without prejudice to the government to further supplement the record. *See United States v. Pallares-Galan,* 359 F.3d 1088, 1099 (9th Cir.2004) (stating that the government bears the burden of proving that the conviction is a predicate offense and can be used as a ground for removal); see also *United States v. Matthews,* 278 F.3d 880, 889 (9th Cir.2002).

Barraza–Duarte's motion to strike the government's letter pursuant to Federal Rule of Appellate Procedure (FRAP) 28(j) is denied as moot. If on remand, the district court determines the defendant's motion to dismiss challenging his underlying removal should be denied, the district court may reinstate the judgment of conviction and sentence. Conversely, if it determines that the defendant's motion to dismiss should be granted, it shall dismiss the case. In either event, the court shall provide an explanation for its ruling.

**VACATED and REMANDED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.