**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James Paul LEWIS, Jr., Defendant–**
**Appellant.**

No. 07–50464.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 20, 2008.

Filed Dec. 15, 2008.

by 9th Cir. R. 36–3.

Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los An-geles, CA, Gregory William Staples, Assistant U.S., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Karyn H. Bucur, Esquire, Karyn H. Bucur Attorney at Law, Laguna Hills, CA, for Defendant–Appellant.

Before: GRABER and CLIFTON, Circuit Judges, and TRAGER,* District Judge.

## MEMORANDUM **

James Paul Lewis, Jr., appeals the thirty-year sentence imposed on remand for resentencing for his conviction, by guilty plea, of one count of mail fraud and one count of money laundering. We affirm.

"[W]e review de novo a district court's compliance with the mandate of an appellate court." *United States v. Kellington,* 217 F.3d 1084, 1092 (9th Cir.2000). Our previous decision, *United States v. Lewis,* 234 Fed.Appx. 757 (9th Cir.2007) (unpublished decision), did not require a new evidentiary hearing. Rather, we required the district court to (1) correct the illegal thirty-year sentence for mail fraud, (2) consider all the sentencing factors contained in 18 U.S.C. § 3553(a), and (3) set forth its reasoning if it imposed a sentence in excess of the Guidelines range. Based on the plain text of the mandate, the district court was not required to conduct a new evidentiary hearing during resentencing.

---

* The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

On remand for resentencing, which under *United States v. Matthews,* 278 F.3d 880 (9th Cir.2002) (en banc), ordinarily means on "an open record," a district court has discretion to determine whether additional evidence should be considered. In *Matthews* we defined "open record" as meaning "without limitation on the evidence that the district court *may* consider." *Id.* at 885 (emphasis added). Even at an initial sentencing hearing, the district court is not required to hold an evidentiary hearing. Rule 32 also uses language that is permissive, not mandatory: "The court *may* permit the parties to introduce evidence...." Fed.R.Crim.P. 32(i)(2) (emphasis added); *see also United States v. Houston,* 217 F.3d 1204, 1206–07 (9th Cir.2000) (holding that a district court's decision not to hold an evidentiary hearing in resolving disputed matters at sentencing is reviewed for abuse of discretion).

Lewis has not identified what evidence he would have presented. The district court did not abuse its discretion by refusing to permit Lewis to present unspecified new evidence or by declining to continue the proceedings to give Lewis more time to try to come up with some evidence.

The thirty-year sentence imposed by the district court was not unreasonable. "[T]he appellate court must review the sentence under an abuse-of-discretion standard." *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). The district court "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States,* 551 U.S. 338, 127 S.Ct.

2456, 2468, 168 L.Ed.2d 203 (2007). The Statement of Reasons provided sufficient justification for the sentence. We take particular note of the court's observation that "Mr. Lewis's offense was a crime against humanity. Over the course of many, many years, he took advantage of 1,600 victims for a collective loss of over $156 million. Mr. Lewis preyed on the elderly and some of our society's most vulnerable citizens." The district court did not abuse its discretion or act unreasonably by imposing the maximum sentence.

**AFFIRMED.**