**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30214 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-05642-RBL |
| v. | |
| FLOYD D. STUTESMAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30215 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-05642-RBL |
| v. | |
| CRAIG A. JAMES, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30218 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-05642-RBL-2 |
| v. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

BRUCE L. BROWN,

　　　　Defendant - Appellant.

Appeals from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted July 12, 2010
Seattle, Washington

Before: REINHARDT, GRABER and PAEZ, Circuit Judges.

Defendants Floyd Stutesman, Craig James and Bruce Brown conspired to steal timber resources belonging to the United States, and between them felled thirteen old-growth western red cedar trees in a protected area of the Olympia National Forest. The district court found defendants jointly and severally liable to the United States Forest Service for restitution in the amount of $336,466.33. All three defendants appeal the amount of the award, and defendant Stutesman appeals the imposition of joint and several liability. We have jurisdiction and we affirm the amount of the award but vacate and remand with regard to joint and several liability.

Defendants contend that the district court abused its discretion by imposing an arbitrary amount of restitution on insufficient evidence and that the amount ordered constituted both punitive and consequential damages. The government

carried its burden of production under the Mandatory Victims Restitution Act of 1996 ("MVRA") by proving that defendants were responsible for the felling of the thirteen old-growth cedars and by providing two methodologies for valuing those felled trees, the valuation of which was complicated by the age and rarity of the trees and the fact that such trees are not available for sale. *See* 18 U.S.C. § 3664(e). Having received the estimates generated by the two valuation methodologies and the testimony of four expert witnesses as to the advantages and disadvantages of those and other methodologies for valuing such old and rare trees, the district court did not abuse its discretion by selecting as the restitution award a reasonable figure that lay between the two estimates. *See United States v. Gordon*, 393 F.3d 1044, 1053 (9th Cir. 2004). Additionally, the restitution ordered did not include consequential or punitive damages; rather, it represented the district court's valuation of the direct and immediate loss to the public caused by defendants' acts, including the loss of the ecological and aesthetic value of the felled trees.

We vacate in part and remand, however, with regard to joint and several liability. The MVRA provides that, "[i]f the court finds that more than [one] defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's

3

loss and economic circumstances of each defendant." 18 U.S.C. § 3664(h). Here, the government agrees that Stutesman withdrew from his conspiracy with James in December 2005 and that at the time that he withdrew, only one of the thirteen old-growth cedars had been cut down. Brown did not begin conspiring with James until January 2006. "A single conspiracy can only be demonstrated by proof that an overall agreement existed among the conspirators," and evidence that "each defendant knew, or had reason to know, that his benefits were probably dependent upon the success of the entire operation." *United States v. Duran*, 189 F.3d 1071, 1080 (9th Cir. 1999) (internal quotation marks and alteration omitted). Accordingly, Stutesman, who never conspired with Brown, cannot be considered part of a single, continuous conspiracy to steal timber, the result of which was the destruction of thirteen old-growth cedars.

Nevertheless, the government contends that joint and several liability is appropriate because Stutesman "contributed" to the loss of the twelve old-growth trees felled by James and Brown by assisting James in clearing the theft site in a manner that facilitated the subsequent thefts by James and Brown, and because Stutesman's contact with the 208 Mill in December 2005 in some unspecified way facilitated access to local sawmills for James and Brown in January and February 2006. An individual "contributes" to a loss, such that a restitution award against

4

him is appropriate under the MVRA, only if that loss "directly result[s]" from his actions. *See United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 928 (9th Cir. 2001). A "[d]efendant's conduct need not be the sole cause of the loss, but any subsequent action that contributes to the loss, such as an intervening cause, must be directly related to the defendant's conduct"; for instance, by working in concert with defendant's conduct to make that conduct profitable. *Id.*

The government does not explain how Stutesman's conduct in December 2005 "directly result[ed]" in the loss of the twelve old-growth cedars felled by Brown and James as part of their later conspiracy, and nothing in the record before us, including the plea agreement and the presentence report, on which the government relies, supports such a conclusion. With respect to the contention that Stutesman helped to clear the theft site, the photographs submitted with Dr. Penman's report show that there were multiple theft sites and multiple spur roads created to access those sites, but there is nothing in the record that shows which, if any, roads or sites Stutesman participated in clearing, nor the role played by such sites and roads in the loss of the twelve old-growth cedars felled by Brown and James. In terms of the contention that Stutesman's contact with the 208 sawmill facilitated James and Brown's later contact with local sawmills, Stutesman's plea agreement, on which the government relies for support of this contention, does not

5

suggest how Stutesman's December contact with one mill would have aided James and Brown a month or more later as they sold timber to multiple mills. Thus the government has not shown even an attenuated causation between Stutesman's 2005 conduct and James and Brown's felling of twelve old-growth cedars in 2006, much less that the felling of those trees was a "direct[] result[]" of and "directly related" to Stutesman's 2005 conduct.

Because the record does not support the inference that Stutesman "contributed" to the loss of the twelve old-growth cedars felled by James and Brown, we vacate and remand the district court's decision that restitution for the loss of all thirteen old-growth cedars be joint and several. We remand on an open record. *See United States v. Matthews*, 278 F.3d 880, 885-86 (9th Cir. 2002) (en banc). Following any further hearing the district court may hold, it shall apportion to Stutesman liability commensurate with his contribution to the government's loss, based on the present record and such further evidence as may be adduced.

**AFFIRMED in part, VACATED in part and REMANDED in part.**