**NOT FOR PUBLICATION**

FILED

MAY 09 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50152 |
| Plaintiff - Appellee, | D.C. No. 2:02-cr-00157-TJH-6 |
| v. | |
| TY FOWLES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Senior District Judge, Presiding

Submitted May 7, 2012[**]
Pasadena, California

Before: PREGERSON, GRABER, and BERZON, Circuit Judges.

Defendant-Appellant Ty Fowles pled guilty to racketeering in violation of

18 U.S.C. § 1962(c) and racketeering conspiracy under 18 U.S.C. § 1962(d). He

appeals his sentence, arguing: (1) the district court erred in treating each of the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

attempted murders underlying Fowles' RICO convictions separately, rather than grouping them for purposes of calculating his offense level; (2) the district court should have treated Fowles' attempted murders of Ryan and Tobius as prior sentences; and (3) the district court erred in failing to reduce Fowles' sentence for time he served in state custody. We affirm.

1.      The district court did not err in treating each of the attempted murders underlying Fowles' RICO convictions separately for purposes of calculating his offense level.   The Sentencing Guidelines explicitly exclude attempted murder from the offenses that are to be grouped in calculating a defendant's offense level. U.S.S.G. § 3D1.2.

Furthermore, because this court's remand to the district court for re-sentencing was "upon an open record," the district court was permitted to "consider any matters relevant to sentencing, even those that may not have been raised at the first sentencing hearing."   *United States v. Matthews*, 278 F.3d 880, 885 (9th Cir. 2002) (en banc).  Therefore, although the district court had previously grouped the offenses underlying Fowles' RICO convictions, it was permitted to reconsider such grouping upon re-sentencing.

2.      "Certain conduct may be charged in the count of conviction as part of a 'pattern of racketeering activity' even though the defendant has previously been

sentenced for that conduct." U.S.S.G. § 2E1.1 cmt. n.4. If the defendant was convicted for that conduct "prior to the last overt act" of the RICO offense for which he is being sentenced, that conduct is treated "not as part of the instant offense," but rather "as a prior sentence." *Id.*

The only offense underlying Fowles' RICO convictions for which he was previously sentenced was the attempted murder of Singleton. Therefore, the district court did not err in treating the attempted murder of Singleton as a prior sentence, while classifying the attempted murders of Ryan, Tobius, and Perkins as "part of the instant offense."

**3.** Fowles argues that because the district court, when it initially sentenced him, took into account the time he served in state custody pursuant to his state conviction for the attempted murder of Singleton, it erred in failing to do so upon re-sentencing. This argument fails for two reasons: First, as previously noted, the remand for re-sentencing was on an open record, and therefore the district court was permitted to re-sentence Fowles "as if it were sentencing de novo." *Matthews*, 278 F.3d at 885–86. Furthermore, the record demonstrates that the district court *did* reduce Fowles' sentence based on the time he served pursuant to the state conviction. The judge explicitly stated: "I think that the maximum would have been 20 years, 240 months, but I'm going to reduce that further

-3-

because of the state conviction underlying.  And I'm going to sentence you to 15 years . . . ."

**AFFIRMED.**