**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50207 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00082-SVW-1 |
| v. | |
| JESUS AGUILAR-GARCIA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted August 4, 2016
Pasadena, California

Before: REINHARDT, KOZINSKI, and WARDLAW, Circuit Judges.

Jesus Aguilar-Garcia appeals his sentence for illegal reentry in violation of 8 U.S.C. § 1326. We have jurisdiction under 18 U.S.C. § 3742(a). We vacate Aguilar-Garcia's sentence and remand for further proceedings before a different district judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.      Aguilar-Garcia's claim that the government breached its plea agreement was within the scope of our resentencing mandate. "[A]s a general matter, if a district court errs in sentencing, we will remand for resentencing on an open record—that is, without limitation on the evidence that the district court may consider." *United States v. Matthews*, 278 F.3d 880, 885 (9th Cir. 2002) (en banc). Here, we explicitly "remand[ed] for resentencing on an open record." Although our resentencing mandate identified certain errors in the district court's original sentencing, our mandate had no express limitations. The district court was therefore "free to consider any matters relevant to sentencing, even those that may not have been raised at the first sentencing hearing, as if it were sentencing de novo." *Id.* at 885–86. Aguilar-Garcia's claim that the government breached its plea agreement was relevant to sentencing, and the district court had jurisdiction to consider it.

2.      Aguilar-Garcia did not waive this claim by failing to raise it in his prior appeal. At resentencing, Aguilar-Garcia was free to raise any issues relevant to sentencing, including issues "that may not have been raised at the first sentencing hearing." *Id.* at 885. Aguilar-Garcia timely raised this claim of breach at resentencing: he asserted it at the resentencing hearing, and the district court

rejected it. We therefore review this claim de novo. *See United States v. Whitney*, 673 F.3d 965, 970 (9th Cir. 2012).[1]

3.      The government breached its plea agreement. The government "may not superficially abide by its promise to recommend a particular sentence while also making statements that serve no practical purpose but to advocate for a harsher one." *United States v. Heredia*, 768 F.3d 1220, 1231 (9th Cir. 2014). As in *Heredia*, the government promised that it would not "seek, argue, or suggest in any way . . . that the court impose a sentence other than what has been stipulated to by the parties herein." However, as in *Heredia*, the government broke this promise by filing a sentencing memorandum that recommended the agreed-upon sentence but emphasized Aguilar-Garcia's criminal history and propensity.

The government's sentencing memorandum contains the same defects that we emphasized in finding a breach in *Heredia*. First, the government made "repeated and inflammatory references" to Aguilar-Garcia's criminal convictions, even though his convictions were already documented in the presentence report ("PSR"). *Id.* at 1232. For example, using language almost identical to the "pejorative editorializing" it used in *Heredia*, *id.* at 1233, the government argued

---

[1] The same result would obtain under plain error review, for the government's breach of the plea agreement was plain error that affected Aguilar-Garcia's substantial rights. *See Whitney*, 673 F.3d at 968.

that Aguilar-Garcia's "demonstrated propensity for drug trafficking is extremely serious," and that he "betrays a disregard for the criminal and immigration laws of the United States," *see id.* at 1232–33. Second, the government highlighted "prejudicial details" of Aguilar-Garcia's prior crimes, including his alleged gang membership. *Id.* at 1233. Third, there was "no reason to believe that the district court was considering imposing a sentence less harsh than the stipulated one," *id.* at 1232, for the district court had provisionally accepted the plea agreement and the Probation Office had recommended the same sentence as the parties. Finally, the sentencing memorandum provided "no mitigating information at all." *Id.* at 1234. As in *Heredia*, "[t]he reader is left to wonder why the government believed a low-end Guidelines sentence was appropriate in the first place." *Id.*[2]

4.     Because the government breached its plea agreement, the district court must "immediately transfer the case to a different district judge to ensure that the decision to accept or reject the agreement will be untainted by the breach." *Id.* at

---

[2] At oral argument, counsel for the government explained that its sentencing memorandum followed a template used by the United States Attorney's Office prior to our decision in *Heredia*. Counsel for the government further explained that the government has since discontinued this practice.

1236. On remand, therefore, the Clerk of the United States District Court for the Central District of California shall reassign the case to a different district judge.[3]

This disposition will serve as the mandate of the Court and shall issue forthwith.

**VACATED AND REMANDED with instructions.**

---

[3] Because we vacate Aguilar-Garcia's sentence on the ground that the government breached the plea agreement, we need not reach Aguilar-Garcia's argument that the district court erred in determining that his prior conviction for possession of a controlled substance, in violation of California Health and Safety Code § 11378, is a "drug trafficking offense" under § 2L1.2 of the Sentencing Guidelines.