NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 4 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50221 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00212-CAS-1 |
| v. | |
| DEREK WAI HUNG TAM SING, AKA ceven1073, AKA chuckeven8, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted August 10, 2018
Pasadena, California

Before: CLIFTON and CHRISTEN, Circuit Judges, and RUFE,** District Judge.

Derek Sing appeals his conviction, after a bench trial, on four counts of

transmission and one count of possession of trade secrets belonging to his former

employer, Rogerson Kratos ("RK"), in violation of the Economic Espionage Act,

18 U.S.C. §1832(a)(2)-(a)(4). We have jurisdiction under 28 U.S.C. §1291, and

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Cynthia M. Rufe, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

we affirm.

1.      The district court did not err in denying without prejudice Sing's pre-trial motion to dismiss the First Superseding Indictment as multiplicitous.  The court vacated the multiplicitous counts of Sing's conviction immediately before sentencing, and we have held that this is an adequate remedy for avoiding double jeopardy.  *See United States v. Schales*, 546 F.3d 965, 980-81 (9th Cir. 2008); *United States v. Matthews*, 240 F.3d 806, 818 (9th Cir. 2000), *aff'd in relevant part on reh'g en banc*, 278 F.3d 880 (9th Cir. 2002).  The district court did not, as Sing contends, "defer" a ruling without good cause in violation of Federal Rule of Criminal Procedure 12(d), but rather decided, consistent with this Court's precedent, that pre-trial dismissal of the indictment was unnecessary because the government would present the same evidence at trial regardless of the number of counts.  *United States v. Nash*, 115 F.3d 1431, 1438 (9th Cir. 1997).

Moreover, any error under Rule 12(d) would have been harmless.  Sing presented no support for his assertion that his trial strategy was materially impaired by the need to challenge the economic value of all seven circuit board schematics charged in the indictment instead of the five schematics on which his final conviction was based.

2.      There was no constructive amendment of the indictment at trial as there is adequate "assur[ance]" in the record that Sing was convicted "based solely

on the conduct actually charged in the indictment." *United States v. Ward*, 747 F.3d 1184, 1191 (9th Cir. 2014). Although the government presented evidence at trial regarding the value of stolen information not charged in the indictment, the district court's Findings of Fact and Conclusions of Law made clear that the verdict was based on the value of the circuit board schematics at issue in the relevant counts.

3.     The evidence at trial was sufficient to sustain Sing's conviction. Sing contends that the government failed to establish that each of the five individual schematics for which he was convicted "derive[d] independent economic value, actual or potential," from being secret. 18 U.S.C. § 1839(3)(B). However, a rational factfinder viewing the evidence in the light most favorable to the prosecution reasonably could have concluded that the government met its burden beyond a reasonable doubt. *United States v. Temkin*, 797 F.3d 682, 688 (9th Cir. 2015).

In particular, the government presented evidence that RK competed successfully in a specialized industry by developing products that met the specifications of its customers, the demands of extreme environments, and rigorous conditions for regulatory certification, and that RK derived substantial revenue and profits from the sale and repair of its products. Witnesses from RK testified to the cost and manpower that the company devoted to developing its certified circuit

3

board schematics. Witnesses also testified that RK and its competitors took efforts to maintain the secrecy of information concerning their products, particularly their electronic schematics. There was additional evidence at trial, including statements from Sing himself, that access to RK's schematics had the potential to substantially simplify the ordinarily impractical task of reverse-engineering the company's circuit boards. Sing's own expert witness agreed that a schematic offers insight into how a company has designed its product, and that the certification of RK's final schematics by the Federal Aviation Administration adds to their value.

While Sing contends that the schematics at issue contained outdated, flawed, and incomplete information, the government was not required to show that each schematic, standing alone, could be translated directly into commercially viable products or services by a competitor. Rather, the appropriate inquiry in assessing economic value is whether the schematics conferred a competitive advantage on their owner, *United States v. Chung*, 659 F.3d 815, 826 (9th Cir. 2011), a burden that can be satisfied through direct evidence of the contents of the information and its impact on business operations or through circumstantial evidence of the resources invested by the owner in the production of the information and the precautions taken to protect the secrecy of the information. *See* RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 39 cmt. e (AM. LAW INST. 1995). Here, the district court reasonably inferred from the evidence at trial that the information

4

contained in the charged schematics allowed RK to maintain a competitive advantage in its industry that would have been lost if the information were disclosed to others.

     **AFFIRMED**.