NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50164 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00218-DSF-1 |
| v. | |
| DAN PIZARRO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted May 13, 2021**
Pasadena, California

Before: OWENS and R. NELSON, Circuit Judges, and HELLERSTEIN,***
District Judge.

Dan Pizarro appeals from his sentences for violations of his supervised-

release conditions. Pizarro, who is currently serving a life sentence for a federal

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Alvin K. Hellerstein, United States District Judge for
the Southern District of New York, sitting by designation.

drug-related conviction in Louisiana, was sentenced in this case to two nine-month sentences to be served consecutively to that federal sentence and any subsequently sentenced state cases. His sentence includes supervised-release conditions. As the parties are familiar with the facts, we do not recount them here. We vacate Pizarro's sentence and remand for an open resentencing.

The district court imposed a number of supervised-release conditions, including that Pizarro must "meet other family responsibilities," "work regularly at a lawful occupation," and "notify third parties of risks that may be occasioned by [his] criminal record or personal history or characteristics." The parties agree that these conditions are unconstitutionally vague and therefore plainly erroneous under *United States v. Evans*, 883 F.3d 1154, 1162-64 (9th Cir. 2018).

The government urges this court not to vacate and order open resentencing, but rather to "correct the error by remanding with specific instructions regarding how the district court should modify the conditions." In *United States v. Ped*, we rejected a similar request because "[t]he district court is better suited to the job of crafting adequate but not overly restrictive conditions." 943 F.3d 427, 434 (9th Cir. 2019) (internal quotation marks and citation omitted). Therefore, we vacate Pizarro's sentence and remand for an open resentencing, leaving the district court discretion to fashion "whatever alternative conditions it deems appropriate," *id.*, and consider Pizarro's other objections to his sentence in the first instance. *See*

*United States v. Vera*, 893 F.3d 689, 695-96 (9th Cir. 2018); *United States v. Matthews*, 278 F.3d 880, 885-86 (9th Cir. 2002) (en banc). As part of the open resentencing, Pizarro may raise the consecutive sentencing arguments that he made on appeal. We express no views on the merits of these arguments.

**VACATED AND REMANDED**.