**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-30264 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 3:17-cr-00013-TMB-1 |
| MATTHEW JAMES SCHARBER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief District Judge, Presiding

Argued and Submitted June 15, 2021[*]
Anchorage, Alaska

Before:  RAWLINSON, CHRISTEN, and R. NELSON, Circuit Judges.

Matthew Scharber appeals the district court's order sentencing him to life in

prison after he pled guilty to: Conspiracy to Commit Kidnapping in violation of 18

U.S.C. § 1201(c); Kidnapping, in violation of 18 U.S.C. § 1201(a)(1) (two counts);

Carjacking, in violation of 18 U.S.C. § 2119; and Possessing, Brandishing, and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Discharging a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i)-(iii).  We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.  Because the parties are familiar with the facts, we recite only those necessary to resolve the issues on appeal.

1. The district court did not violate our mandate when it resentenced Scharber on remand.  *See United States v. Scharber*, 772 F. App'x 587 (9th Cir. 2019).  We review de novo a district court's compliance with a mandate.  *United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000).  Upon receiving an appellate court's mandate, a district court "cannot vary it, or examine it for any other purpose than execution."  *Id.* at 1093 (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895)).  Generally, if we determine a district court erred when imposing a sentence, we remand for resentencing on an open record, "without limitation on the evidence that the district court may consider."  *United States v. Matthews*, 278 F.3d 880, 885 (9th Cir. 2002).  "Subsequent appellate panels presume that this general practice was followed unless there is clear evidence to the contrary."  *United States v. Ponce*, 51 F.3d 820, 826 (9th Cir. 1995) (per curiam) (quotation omitted).  If clear evidence specifies a limited remand, the district court is constrained to the mandate's terms.  *See id.*

Our prior disposition does not contain a clear statement limiting the district court to imposing a new sentence based on the same Sentencing Guidelines calculation, minus the errors we identified. *See id.* Rather, we remanded "for resentencing consistent with this disposition" without any other limiting language. *Scharber*, 772 F. App'x at 587. Because there is no evidence that we constrained the mandate's terms, the district court acted within the scope of our mandate.

2. The government argues Scharber waived his challenge to the district court's application of the Sentencing Guidelines, but we need not resolve that issue because Scharber's substantive challenge fails. "We review the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Guidelines to the facts for abuse of discretion, and the district court's factual findings for clear error." *United States v. Garro*, 517 F.3d 1163, 1167 (9th Cir. 2008) (citing *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir. 2006)).

The parties dispute whether the district court erred by cross-referencing the kidnapping Guideline with the attempted murder Guideline, which resulted in a 4-level enhancement and a total offense level of 43. *See* USSG § 2A4.1(b)(7)(B). The kidnapping Guideline has a base offense level of 32. *Id.* § 2A4.1(a). It cross-references another offense:

If the victim was kidnapped, abducted, or unlawfully restrained during the commission of, or in connection with, another offense or escape therefrom; or if another offense was committed during the kidnapping, abduction, or unlawful restraint, increase to–
>    (A) the offense level from the Chapter Two offense guideline applicable to that other offense if such offense guideline includes an adjustment for kidnapping, abduction, or unlawful restraint, or otherwise takes such conduct into account; or
>    (B) 4 plus the offense guideline applicable to that other offense, but in no event greater than level 43, in any other case,
> if the resulting offense level is greater than that determined above.

*Id.* § 2A4.1(b)(7). The Commentary explains the court may apply any adjustment "that can be determined with reasonable certainty." USSG § 2A4.1, comment. (n.4).

Scharber contends the district court erred by applying subsection (B) because attempted murder inherently includes an adjustment for kidnapping or unlawful restraint. For the enhancement to apply, a restraint must "be made in the context of an act which adds to the basic crime." *United States v. Old Chief*, 571 F.3d 898, 901 (9th Cir. 2009) (quoting *United States v. Mikalajunas*, 936 F.2d 153, 156 (4th Cir. 1991). Here, Scharber held the victims at gunpoint while they were bound and restrained, then drove them in their own vehicle with the windows blacked out to Hatcher Pass where he shot them multiple times and abandoned them. The kidnapping thus occurred "in connection with" the attempted murder,

4

USSG § 2A4.1(b)(7), and "added" to that offense, *Old Chief*, 571 F.3d at 900–01. The district court did not err by adding four levels pursuant to subsection (B).

3. Scharber's life sentence is substantively reasonable. "A substantively reasonable sentence is one that is 'sufficient, but not greater than necessary' to accomplish § 3553(a)(2)'s sentencing goals." *United States v. Crowe*, 563 F.3d 969, 977 n.16 (9th Cir. 2009) (quoting 18 U.S.C. § 3553(a)). We review for abuse of discretion the substantive reasonableness of a sentence, *United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010), and may reverse only if left with "a definite and firm conviction that the district court committed a clear error of judgment," *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (citation and quotation omitted). The nature and circumstances of Scharber's crimes were horrific. *See* 18 U.S.C. § 3553(a). As the district court recognized, it is only through sheer luck that the victims survived. Yet after discovering his victims survived, Scharber sent a message from jail requesting to have the "rats" "dealt with." The district court did not abuse its discretion by concluding the mitigating circumstances did not outweigh the severity of Scharber's crime. *See Ressam*, 679 F.3d at 1090.

**AFFIRMED.**