**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 07 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50267 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00799-GT-1 |
| v. | |
| ELISEO DELGADILLO-AVILA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, Senior District Judge, Presiding

Submitted August 5, 2013[**]
Pasadena, California

Before: SILVERMAN and WARDLAW, Circuit Judges, and CEDARBAUM,
Senior District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes that this case is suitable for
decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Miriam Goldman Cedarbaum, Senior District Judge
for the U.S. District Court for the Southern District of New York, sitting by
designation.

Eliseo Delgadillo-Avila appeals the sentence imposed by the district court following his guilty plea to one count of being found in the United States after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.[1]

Delgadillo contends that the government breached the plea agreement by indicating in a footnote in its sentencing summary chart that the presentence report "correctly" calculated a sentence enhancement and that the government had failed to account for the prior conviction in its calculation due to an "oversight," but that it would nevertheless "stand[] by" the lesser enhancement it had agreed to in the plea agreement. Even if Delgadillo did not waive this argument, the government did not breach the plea agreement by noting that the sentence enhancement was correctly calculated under plain error review. *See United States v. Cannel*, 517 F.3d 1172, 1177 (9th Cir. 2008) (holding on plain error review that the government did not breach its plea agreement where it "agreed that the PSR accurately assessed" predicate conduct that supported a five-level sentence enhancement but

---

[1]We deny the government's request for judicial notice on appeal. *See Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011) (declining to take judicial notice of a potential *Shepard* document, *see Shepard v. United States*, 544 U.S. 13, 16 (2005), presented for the first time on appeal and observing that "it is not within our province to sentence the defendant based on considerations outside the sentencing decision").

stated that it "stands by its original plea agreement recommendation" of a two-level enhancement).

However, the district court erred by applying an enhancement under U.S.S.G. § 2L1.2(b)(1)(B) on the basis of a prior conviction for delivery of a controlled substance without first identifying the statute of conviction and analyzing it under *Taylor v. United States*, 495 U.S. 575 (1990), to determine whether it satisfied the Guidelines definition of a felony drug trafficking offense. *See* U.S.S.G. § 2L1.2(b)(1)(B) (providing a sentence enhancement for certain "felony drug trafficking offense[s]"); *id.* § 2L1.2, cmt. n.1(B)(iv) & 2 (defining "drug trafficking offense" for the purposes of § 2L1.2(b)(1) and "felony" for purposes of subsection (b)(1)(B)); *United States v. Matthews*, 278 F.3d 880, 885 (9th Cir. 2002) (en banc) ("The district court did not . . . . analyze the statutes of conviction to determine whether the *Taylor* standard was in fact met, as *Taylor* directs courts to do."); *see also United States v. Pimentel-Flores*, 339 F.3d 959, 968-69 (9th Cir. 2003) (vacating a sentence and remanding where the district court ruled that a prior offense was a qualifying offense "based only on the facts recited in the PSR" where the presentence report did not list the statute of conviction). The district court also erred to the extent it based its application of the enhancement on the probation officer's characterization of Delgadillo's prior

3

offense as a felony drug trafficking offense. *See United States v. Castillo-Marin*, 684 F.3d 914, 920 (9th Cir. 2012) ("[W]e have recognized that a district court may not base a sentence enhancement on the PSR's characterization of a prior offense as a qualifying offense.").

Because there are no documents in the record that establish Delgadillo's statute of conviction or whether the conviction constitutes a "felony drug trafficking offense," we vacate Delgadillo's sentence and remand for resentencing, on an open record. *See Matthews*, 278 F.3d at 885.[2]

**VACATED and REMANDED.**

---

[2]Because we vacate Delgadillo's sentence on the basis of the district court's error under *Taylor*, we decline to reach his arguments that the district court procedurally erred by failing to consider his nonfrivolous arguments in support of a within-Guidelines sentence, *but see United States v. Trujillo*, 713 F.3d 1003, 1009-11 (9th Cir. 2013), and that the sentence imposed was substantively unreasonable.